MARGARET CONNELL *et al.*, Appellees, v. JOHN CONNELL, Appellant.

Admissibility of Transcript of Evidence. IMPEACHMENT. A transcript of the evidence of a witness on a former trial is inadmissible for the purpose of impeachment on a subsequent trial, where the same is not certified to contain ''the whole of the shorthand notes of the evidence of such witness'' as required by chapter 9, Acts 27th General Assembly.

Same: PREJUDICIAL ERROR. Where a transcript of the evidence of a witness on a former trial is erroneously admitted to impeach such witness and is contradictory to evidence given on the same subject on the trial in progress, the error is prejudicial.

New Trial. Newly discovered evidence which is merely cumulative will not support a motion for a new trial, nor will a new trial be granted after the term at which the action was tried, under Code section 4092, where the grounds of the petition were known before the trial.

*Appeal from Sioux District Court.*—HON. J. F. OLIVER AND HON. GEO. W. WAKEFIELD, Judges.

WEDNESDAY, FEBRUARY 11, 1903.

THE main action is one for the conversion of personal property. There was a verdict and judgment therein for the plaintiff, from which the defendant appealed on the 23d day of May, 1900. After the judgment was rendered against him, the defendant filed a petition for a new trial, the facts of which were tried and determined adversely to him in June, 1900, and from that judgment he also appeals. —*Reversed.*

*G. Klay* and *John Connell* for appellant.

*G. A. Gibson* for appellees.

*1. ADMISSIBILITY of transcript of evidence: impeachment.*

Moreover, the appellee concedes that the transcript was incompetent, but contends that no prejudice resulted to the defendant from its use for impeaching purposes. But the testimony read therefrom was entirely different from and contradictory of the testimony given by the defendant on the same subject on the trial, and, if considered by the jury, as we must presume it was, could not have been otherwise than prejudicial to the defendant. This clearly appears from the record before us, and on account thereof the judgment must be reversed.

*2. SAME; prejudicial error.*

The petition for a new trial in the court below was based upon some fifteen different grounds, most of which become immaterial in view of a retrial of the case, except as they may appear so for the purpose of deter-

*3. NEW trial.*

mining the question of costs.   A careful examination of
the very complicated and imperfect record and argument
presented on this branch of the case shows quite conclu-
sively that there was no error in° denying a new trial on
the petition.   The allegation of fraud in procuring the
original judgment was not sustained by the evidence, and
the newly discovered evidence alleged was merely cumula-
tive, and hence presented no ground for a new trial.   All
of the other grounds relied upon were known to the de-
fendant before the trial of the main case, and did not
constitute the statutory basis for a new trial upon petition
under section 4092 of the Code.

The order refusing a new trial upon the petition is
therefore AFFIRMED at the costs of the appellant, and in
the main case the judgment is REVERSED.