IN RE ESTATE OF MINNIE Y. MATTES.

JOHN A. EDDY, Trustee, Appellant, v. HELEN H. MATTES et al., Executors, Appellees.

No. 45777.

102

A. D. Pugh, for appellant.

Lloyd H. Williams, for appellees.

Oliver, J.—This is an appeal from an order on a contested claim in probate tried to the court. About April 1938, Frank P. Mattes conveyed certain real estate to his wife, Minnie Y. Mattes, and assigned to her leases thereon. On September 24, 1938, Mr. Mattes filed a voluntary petition in bankruptcy. Thereafter, Mrs. Mattes filed a claim in said bankruptcy proceedings for $23,000, alleging the conveyances of the real estate and assignments of the leases had been made to her by her husband to secure said debt. Mrs. Mattes died June 28, 1939, and Mr. Mattes and a daughter, as executors of the estate of Mrs. Mattes, were substituted as claimants.

After trial upon said claim and objections thereto, the referee in bankruptcy denied the claim and held the deeds and assignments of leases to be invalid as in fraud of creditors of the bankrupt. The executors of the estate of Mrs. Mattes were ordered to pay the trustee all rents collected by them, as such executors, and were directed to account to the bankruptcy court for all rents received by Mrs. Mattes prior to her death. In accordance with said order said accounting hearing was thereafter had before the referee. In the minutes of said hearing the referee certified that Mr. Mattes, as executor, was sworn and examined by the referee and counsel present, and that the attorney for the executors presented to the court an itemized statement showing net rents received by Mrs. Mattes from September 8, 1938, to her death, "and stated to the court that Minnie Y. Mattes actually received no rents from these properties prior

to the date of the bankruptcy * * * and therefore no accounting is made'' covering said prior period.

At said accounting hearing the executors paid the trustee the rents collected by them as executors amounting to $893.49. The itemized statement showed $3,172.77 net rents collected by Mrs. Mattes. Later the referee instructed the trustee to file claim in probate in the Estate of Minnie Y. Mattes for rents received by her prior to her death. The trustee filed claim for $5,620.12, which, upon trial, was allowed in the sum of $3,172.77. The trustee has appealed from the disallowance of the balance of his claim.

I. At the beginning of the trial it was stipulated that the net rents received by Mrs. Mattes, from the properties in question from the date of her husband's bankruptcy to her death, amounted to $3,172.77. It was also stipulated that the net rents from the property, between April 11, 1938, and the date of the bankruptcy, amounted to $2,383.26. This latter stipulation narrowed the real issues between the parties to one question: Did Mrs. Mattes receive this sum of $2,383.26, or any part thereof?

Appellant sought to establish this principally by admissions allegedly made by Mr. and Mrs. Mattes while testifying as witnesses in certain hearings in the bankruptcy court. This proof was offered in the form of stenographer's transcripts of evidence. Timely objections were made to said offers.

Appellant did not call the stenographers as witnesses, but relied solely upon the certifications and verifications of the transcripts to secure their admission in evidence. Code sections 11353 and 11354 provide that a transcript of evidence taken upon a trial in any court of record of this state, by the shorthand reporter of such court, shall be admissible in certain cases, or for certain purposes, but no portion of the transcript shall be admissible ''unless it shall appear from the certificate or verification thereof that the whole of the shorthand notes of the evidence of such witness, upon the trial or hearing in which the same was given, is contained in such transcript, * * *.'' It will be noted that the transcripts here in question did not purport to contain evidence taken ''in any court of record of this

state.'' However, we need not pass upon this portion of the statute.

The certifications and verifications recite only that the various transcripts are true transcripts of shorthand notes of testimony taken on the dates set out therein. There was no showing that the transcripts contained ''the whole of the shorthand notes of the evidence'' of the respective witnesses upon the hearings in which the same was given, as required by the statute. Therefore, the transcripts were inadmissible. Connell v. Connell, 119 Iowa 602, 93 N. W. 582.

Furthermore, it may be observed that had the proof thereof been admissible, the statements and admissions relied upon by appellant would have been of little value to him. They are at best vague and uncertain, and are as fairly susceptible to the interpretation that Mrs. Mattes received no rentals from the properties in question prior to the bankruptcy as that she did receive something.

II. Appellant asserts the decisions of the bankruptcy court constitute an adjudication that Mrs. Mattes was liable for rents received by her before the bankruptcy, subject to the ascertainment of the net amount of rents collected. This may have been the effect of the original order of the referee, which required her executors to account in the bankruptcy court for rents received by her before the bankruptcy as well as thereafter. However, the records of the bankruptcy court show that the executors did make an accounting in which they furnished an itemized statement of all rentals claimed (on their part) to have been received by Mrs. Mattes at any time.

At said accounting Mr. Mattes (executor) was examined as a witness by appellant's attorney and by the referee, and his testimony was reported. Appellant did not see fit to offer in evidence in the case at bar a transcript of said testimony and other proceedings then had, and the details of the accounting hearing do not appear in this record. The referee's minutes show appellant's attorney objected to the accounting made. However, no ruling was made upon this objection and the hearing was adjourned without date. Nor do the minutes show that appellant demanded such ruling or requested that

the hearing be continued for the production of further evidence.

Under the circumstances the record does not show an adjudication that Mrs. Mattes had received rents prior to the bankruptcy. The accounting required of her executors was apparently completed. It showed she had collected $3,172.77 after the bankruptcy. If any inference may be drawn from the record, it would appear more reasonable to infer therefrom that prior to the bankruptcy she had received no rents.

III. Complaint is made that the trial court erred in refusing to transfer the cause to equity. Indeed, upon this appeal appellant has entitled the case "In Equity", and insists he has the right to so present the appeal. Under the record in this case and particularly in view of the accounting in the bankruptcy court we think the claim was ordinary in character and triable in probate as such. There were certain equitable issues which the parties stipulated at the trial might be tried as an equitable case after the submission of the law issues. No appeal was taken from the subsequent decree of the trial court determining these equitable issues.

The trial court ruled upon objections to evidence offered in this case. However, all objections were overruled and the record upon appeal is as complete as though the case had been tried in equity. A careful consideration of the record leads us to conclude that it substantially supports the judgment of the trial court. Furthermore, it impels us to agree with and concur in said judgment.

Appellant's brief does not comply with Rule 30 of this court. Appellees have attacked said brief by motion. The conclusion reached upon the merits of the case renders unnecessary the determination of this motion. Appellant's motion to strike appellees' amendment to abstract is overruled.

The judgment of the trial court is affirmed.—Affirmed.

CHIEF JUSTICE and all JUSTICES concur.