C. L. WALKER v. ED. H. WALKER, Administrator of the es-
tate of Eliza Walker, Deceased, Appellant.

| 117 | 609 |
| 122 | 429 |
| 117 | 609 |
| 136 | 649 |
| 117 | 609 |
| 142 | 453 |

Homesteads: SETTING ASIDE EXECUTION SALE. *Evidence.* Judg-
ment having been obtained against plaintiff by his mother's
administrator on a note given her by plaintiff in 1891, there is
a *prima facie* case for setting aside an execution sale thereon
of plaintiff's homestead, acquired in 1888, which is not over-
come by proof that money was placed in plaintiff's hands as
agent of his mother, in 1891, to invest; that he adjusted, with
her, her claim on account thereof, by executing the note; that
he failed to explain what he had done with the money when
inquiry was made by her; that defendant administrator knew
nothing of plaintiff's investing the money; and that plaintiff
testified he did not know how he had the money invested; de-
fendant having the burden of proving that plaintiff converted
the money, and that he converted it before acquisition of the
homestead.

Transcripts as Evidence.   The transcript of evidence is admis-
sible in evidence only in the cases authorized by Acts 27th
General Assembly, chapter 9,—a retrial or when offered for
the purpose of impeachment.

*Appeal from Wapello District Court.*—HON FRANK W.
EICHELBERGER, Judge.

SATURDAY, OCTOBER 18, 1902.

JUDGMENT was obtained by defendant, as administrator
of the estate of Eliza Walker, against the plaintiff, for
$2,556.82 and costs, December 3, 1896, on a promissory
note executed to deceased April 15, 1893.   Execution is-
sued, and the lots in controversy, occupied by plaintiff
since 1888, were sold by the sheriff.   The plaintiff asks
that the sale be set aside, and the title quieted in him.
Defendant had redeemed from certain tax liens, and a
lien was established in favor of him for the amount so
paid, and otherwise relief was granted as prayed by plain-
tiff.   The defendant appeals.—*Affirmed.*

*McElroy & McElroy* for appellant.

*Jaques & Jaques* for appellee.

LADD, C. J.—The defendant offered in evidence a transcript of plaintiff's testimony given in a proceeding to remove him as executor of his mother's estate. To it was attached the certificate of the official reporter "that the foregoing transcript is a full, true, and complete transcript of my shorthand notes taken in the above-entitled cause." That portion of section 3777 of the Code of 1873, as amended by chapter 195 of the Acts of the 18th General Assembly, providing that the transcript, when certified by the reporter, "shall be admissible in any case in which the same are material and competent to the issue therein, with the same force and effect as depositions," was entirely omitted from the Code enacted in 1897. A substitute, differing in its provisions, will be found in chapter 9 of the Acts of the 27th General Assembly. Under this a transcript of the evidence, if duly certified, "when material and competent, shall be admissible in evidence on any retrial of the case or proceeding in which the same were taken and for the purpose of impeachment in any case, and shall have the same force and effect as depositions." This was not a retrial in which the transcribed evidence was introduced. Nor was the transcript offered for the purpose of impeachment. It was not, then, within the provisions of the statute.

II. The plaintiff had no property other than the lots in controversy, and these had been occupied by him as a homestead since 1888. Unless the debt, then, for which they were sold, was contracted prior to that time, the sale under defendant's judgment was illegal and rightly set aside. The note on which the judgment was rendered bears date April 15, 1893, but defendant contends this was based on indebtedness created prior to

1888. · In November, 1881 the deceased, Eliza Walker, mother of these litigants, derived $9,204.30 from insurance on the life of her husband, who had died shortly before, and put it in the plaintiff's hands, to care and invest for her. At about the same time she executed a power of attorney, constituting him her true and lawful attorney "to loan on notes and mortgages, or otherwise safely invest, at interest, the money this day placed in his hands for investment, or which may hereafter be placed in his hands for investment; to collect the same, receive and receipt for same; giving him full power to do all and every act necessary to be done." That he received the money as his mother's agent is not controverted, but it is contended that he converted it to his own use, and thereby an indebtedness was created, to satisfy which the note was given long afterwards. See *Warner v. Cammack*, 37 Iowa, 642; *Stanhope v. Swafford*, 77 Iowa, 594; Wapples Homestead, 283. But the evidence is insufficient to establish this claim. By showing that the judgment was rendered on a note dated subsequent to the acquisition of the homestead, plaintiff made out a *prima facie* case, and this was not overcome by proof that money was placed in his hands as agent by defendant's decedent. The law favors the presumption that he executed the power conferred honestly, and it was not incumbent on plaintiff to prove this. The burden was on defendant not only to show conversion, but that it occurred before the acquisition of the homestead. That plaintiff failed to make explanation of what he had done with the money, when inquiry was made by deceased in conversation in the presence of the defendant and his wife, is not enough. What she said cannot be construed as a demand for an accounting or the return of the money. Nor is the circumstance that defendant knew nothing of plaintiff's investing this money material. The latter was under no other obligation to furnish him information. It appears from testimony other than the transcript that, on

the hearing heretofore mentioned, plaintiff was asked: "How did you have the $9,204 invested in 1882, and up to the time you gave your note for $5,000? A. I could not tell. Q. Can you tell me how it was invested at any time? A. No sir. Q. You used it in your own name? A. Yes, sir. Q. In your business? A. I can't say I did. [Then he testified that he used it in his business a short time.] Q. Well, how did you have it invested before? A. I don't know." This can hardly be accepted as proof of conversion, but, if it could, there is nothing to indicate that it occurred prior to 1888. Defendant insists that information was peculiarly within plaintiff's knowledge, and for this reason, from his failure to disclose what he did with the money, conversion should be presumed. He adjusted the claim with deceased by executing the note, and, under the circumstances, the presumption in favor of honesty ought to have quite as much weight as the suspicion, if any, arising from his inability to account in detail for the funds after the lapse of so many years, to one not entitled to demand an accounting. As the defendant failed to overcome the *prima facie* case made by plaintiff, the decree was properly entered for him as prayed.—AFFIRMED.