THE STATE OF KANSAS v. JOHN V. PETTEYS.
No. 12,657.    ( 70 Pac. 588.)

SYLLABUS BY THE COURT.

1. CRIMINAL LAW—*Assault— Self-defense.*    A person unlawfully attacked by another is not compelled to yield or retreat, no matter what the character of the attack may be.    He is justified in standing his ground and repelling force by such reasonable force as may, under all the circumstances of the case, appear necessary successfully to resist the attack made.

2. ———— *Defense from Great Bodily Harm.*    One unlawfully assailed has the same right of self-defense, and the right of self-defense to the same extent in defending his person from great bodily harm that he has in defending his life.

40—65 KAN.

Appeal from Rawlins district court; A. C. T. GEI-
GER, judge.    Opinion filed November 8, 1902.    Re-
versed.

*A. A. Godard*, attorney-general, and *Fred. Robert-
son*, county attorney, for The State.

*Case & Case, J. G. Waters, Albert Hemming*, and *G.
Webb Bertram*, for appellant.

The opinion of the court was delivered by

POLLOCK, J. : This is the second appearance of this
cause in this court.    In the view we take of the case,
a statement of the facts surrounding the tragedy is
unnecessary.    Appellant and his father, S. P. Petteys,
were jointly informed against, under section 38 of the
crimes act (Gen. Stat. 1901, § 2023), charged with
the commission of the offense of assault with intent
to kill one Albert Felker by shooting him with a re-
volver.    The trial court held the information sufficient
to charge the offense defined in section 42 of the crimes
act (Gen. Stat. 1901, § 2027).    Under the author-
ities, we think the holding correct.

The plea of self-defense was interposed by the de-
fendant upon his separate trial.    The jury returned
the following verdict :

"We, the jury, impaneled and sworn in the above-
entitled case, do upon our oaths find, from the law
and the evidence, the defendant, John V. Petteys,
guilty of wounding Albert Felker in the manner
charged in the information filed, under circumstances
which would have constituted manslaughter in the
fourth degree, if death had ensued from such wound-
ing."

The conviction was upheld and defendant sentenced
to three years' confinement in the penitentiary at hard
labor.    The extreme penalty of the law, had the as-

The State v. Petteys.

sault resulted in the death of Felker, under the facts as found by the jury, would have been two years. Many grounds of error are specified. We shall consider but one.

The court charged the jury in regard to the right of self-defense as follows:

"A person may repel force by force in defense of his own person or that of his parent against one who manifestly intends or endeavors by violence or surprise to commit a known felony on either. A person is not compelled to flee from his adversary who assaults him with a deadly weapon before he can justify the use of a like weapon, but the assault must be so fierce as not to allow the person assailed to yield a step without manifest danger to his life or of great bodily injury. In such case, if there be no other way of saving his life, he may in self-defense even kill his assailant."

Complaint is made of this instruction. It is argued by counsel for appellant that under this instruction the right of self-defense in the use of a deadly weapon is precluded in all cases where the nature of the attack is not so fierce but that the assailed might retreat and thus avoid a conflict. We think the criticism made on the instruction is just. It is not the law of this state that one unlawfully attacked by another is compelled to flee, no matter what the character of the attack may be. One unlawfully assailed is justified in standing his ground and repelling force by such reasonable force as may appear necessary, under the circumstances, to resist the attack. The rule was clearly stated in *The State v. Reed*, 53 Kan. 767, 37 Pac. 174, 42 Am. St. Rep. 322, as follows:

"A party who is unlawfully attacked by another may stand his ground and use such force as at the time reasonably appears to him to be necessary. He is justified in acting upon the facts as they appear to

him, and is not to be judged by the facts as they actually are." (See, also, *The State v. Howard*, 14 Kan. 173.)

We think this instruction open to another serious objection. The last sentence, as given, would preclude a defendant from the right of self-defense to the extent of taking the life of his assailant unless it became necessary to save his own life. One has the same right of self-defense, and the right of self-defense to the same extent, in defending his person from great bodily harm, or in saving the life or protecting the person of his parent from great bodily harm, if such defense appears to be reasonably necessary under all circumstances in the case, that he has to preserve his own life.

It follows that the giving of this instruction was erroneous, and for this reason the judgment must be reversed.

All the Justices concurring.