| 122 | 423 |
| 134 | 37 |
| 122 | 423 |
| 135 | 433 |
| 122 | 423 |
| 136 | 120 |
| 136 | 649 |
| 122 | 423 |
| 140 | 62 |
| f142 | 453 |

In re the Probate of the Will of Tolman Wiltsey, Deceased, Spencer Wiltsey and John Monroe, Proponents and Appellants, v. Anna Wiltsey, Frank E. Wiltsey and Nettie Wiltsey, Contestants and Appellees.

Wills: SUBSTITUTION OF PARTIES. Where the contestant of a will, disposing of personal property only, dies pending the contest, his personal representatives should be substituted, under Code, section 3445.

Wills: WHO MAY CONTEST. Until the probate of a will the legatees have no right thereunder to contest the will of testator's father, disposing simply of personal property which might have come to the testator provided the father's will was valid.

Evidence: TRANSCRIPT OF TESTIMONY. A transcript of the reporter's shorthand notes of the testimony of one since deceased, is inadmissible to prove what he testified to.

Evidence: CONVERSATIONS WITH DECEASED. In a will contest the testimony of a beneficiary as to conversations had with a decedent, through whom the contestants claim as legatees, is prohibited by Code section 4604.

Evidence: UNDUE INFLUENCE. Neither prior declarations of a testator, nor his age, character or extent of his property are competent to be considered by the jury on the issues of undue influence and unsoundness of mind.

*Appeal from Hamilton District Court.*—Hon. W. S. Kenyon, Judge.

Tuesday, January 26, 1904.

This is a contest over the probate of what is claimed to be the last will and testament of Tolman Wiltsey, deceased. Contestants are the widow and heirs at law of Eugene Wiltsey, now deceased, who, it is claimed, was the illegitimate son

of Tolman Wiltsey, and they object to the probate of the will for the reason that Tolman Wiltsey was unsound of mind when his will was executed, and was unduly influenced by the beneficiaries under the will to make division in their favor and to disinherit the said Eugene. On these issues the case was tried to a jury, resulting in a verdict in favor of the contestants, and proponents appeal.—*Reversed.*

*Wesley Martin* for appellants.

*Boeye & Henderson for* appellees.

DEEMER, C. J.—Tolman Wiltsey died some time in the year 1900, leaving what purported to be a last will and testament, which disposed of his personal property only. Deceased was never married, and by the provisions of the will he gave the greater part of his personal estate to his nephews and nieces. On the 1st day of October, 1900, Eugene Wiltsey filed objections to the probate of the will, in which he claimed that he was the illegitimate son of Tolmon Wiltsey, and that at the time of the making of the will Tolman was of unsound mind, and was unduly influenced to make the will as he did. Afterwards, and before these objections to the will could be heard, Eugene died, leaving a widow, Anna Wiltsey, and two children, Frank E. and Nettie Wiltsey, surviving. On the 2d day of December, 1901, these survivors filed objections to the probate of the will, in which they stated as showing their right to contest Tolman's will, the following: "Come now Anna Wiltsey, Frank E. Wiltsey, and Nettie Wiltsey, by Anna Wiltsey, her guardian, and petition the court to be made parties in opposition to the probating of the alleged last will and testament of Tolman Wiltsey, deceased, and ask that they may be substituted as parties in the place of Eugene Wiltsey, deceased, who, as contestant of the aforesaid will and testament, has already filed objections to the probate of the same, and in support of this petition would respectfully represent and show to the court that

the aforesaid Eugene Wiltsey, contestant, died on the 28th of January, 1901, testate; that his last will and testament has been filed in the probate court of Hamilton county, Iowa, but has never been admitted to probate; that the petitioner above named, Anna Wiltsey, was at the time of his death the lawful wife of Eugene Wiltsey, and as such was and is entitled to inherit one-third of all the said property; that the aforesaid Frank E. Wiltsey and Nettie Wiltsey are the son and daughter, respectively, of the said Eugene Wiltsey, and as such constitute the only legal heirs to his property, and are entitled to the remaining two-thirds of the same." Proponents objected to these contestants appearing in the case, asserting that they had no such standing as entitled them to contest the will. No ruling was made on this objection, but the question was again made in a motion in arrest of judgment, and then overruled by the trial court.

It is conceded that the will of Tolman Wiltsey disposed of his personal estate only, and it is also conceded that Eugene Wiltsey left a will, which had been filed for record, but had not, when this case was called for trial, been admitted to probate. There was no order for the substitution of Eugene's widow and heirs, and it is apparent that there was no ground for such substitution. He died testate, and until his will was probated there was no executor to be substituted. No court can give effect to a will not probated. *Seery v. Murray,* 107 Iowa, 384. Hence the contestants in this case cannot claim anything under the alleged will of Eugene Wiltsey.

As Tolman's will related simply to personal property, Eugene's personal representatives, or his executor under his will after probate thereof, should have been substituted under **1. SUBSTITUTION** section 3445 of the Code. Had Tolman's will **of parties.** devised real estate, doubtless Eugene's heirs or devisees might have been substituted as successsors in interest to a portion of the estate to which Eugene was entitled under the section of the Code which relates to substitution in case of the death of a party to a case.

But, as there was no order of substitution, we must determine whether or not Eugene's widow and heirs at law are entitled to contest the will of Tolman in their own right. If 2. WILLS: who so, it is because they took under Eugene's will, may contest. or under the law, an interest in his (Eugene's) personal property which might have come to him from Tolman Wiltsey's estate in the event his (Tolman's) will is held to be invalid. It is difficult to say from the pleadings filed by the present contestants just what their claim is in this respect. Looking to the statements of fact made in their objections to the probate of Tolman's will, which we have quoted, and distinguishing these from conclusions of the pleader, we think it sufficiently appears that Eugene made a will, which had been filed for probate, but had not been admitted at the time this contest was entered upon, and that such will was the basis of these contestants' rights. True, they say they were entitled to inherit Eugene Wiltsey's interest in Tolman Wiltsey's property, but this is a mere conclusion, which is not justified by the facts recited. There is no claim that Eugene's will is invalid for any other reason, and when we go to the evidence we find that Anna Wiltsey is claiming under the will of her husband. That will, as we have seen, while filed for probate, and impliedly a valid instrument, has never in fact beeen probated, and cannot be relied upon as a basis for this contest. In no event would Anna Wiltsey inherit from her husband. She was, of course, entitled to a distributive share, of which she could not be deprived, unless she consented to the provisions of the will, under section 3376 of the Code; but as the will of her husband gave her one-third of his estate, and as she says in her testimony that she was claiming under the will, it is manifest that her rights must be measured with reference to that instrument. That she had no rights thereunder until the will was probated is a well-settled proposition of law. It will be observed that she nowhere objects to her husband's will; indeed, she says that it has been filed for probate, and she impliedly, at least, assents to its terms. As to her children it

is clear that they must take under their father's will if it be a valid one, and, as they assert that there was such will, which has been filed, but not yet admitted to probate, they show a state of facts which clearly negatives a right on their part to contest Tolman Wiltsey's will. They are not entitled to inherit, for their father made a will, which is in the probate court awaiting probate. They cannot take under his will because it has not yet been probated.

Another reason why these contestants are not entitled to object to Tolman Wiltsey's will is because the widow of Eugene testified that he (Eugene) conveyed all his property to her before his death.

The facts thus far considered have a double aspect: First, as bearing on the pleadings themselves, independent of the proofs; and, second, as bearing upon the proofs themselves, and on the claim of proponents' counsel that there was a variance between the pleadings and the proofs. There is no doubt, of course, of Eugene Wiltsey's right to contest the will; for, if he established his heirship, he would be entitled to Tolman's property in the event the will was set aside. And it may be that his heirs, in the absence of a will, might also have contested it, although there is some confusion in the authorities on this proposition. See *In re Bradley,* 70 Hun, 104 (23 N. Y. Supp. 1127); *Brewer v. Barrel,* 58 Md. 587. But, whatever the true rule here, it is inapplicable to the facts of the case. These contestants are not heirs of Tolman Wiltsey, deceased; nor can they claim as heirs of Eugene Wiltsey, the alleged illegitimate son of Tolman Wiltsey, for they admit that Eugene made a will, which is now pending for probate, and they allege no facts which tend to impeach that will. In Illinois it is held that neither a purchaser nor a devisee of an heir of a testator may contest the testator's will. *Storrs v. St. Luke's Hospital,* 180 Ill. 368 (54 N. E. Rep. 185, 72 Am. St. Rep 211). This was held under a statute authorizing any person interested to contest. We are not prepared to go to that extent, and do not, as it is not necessary in this case. Here Eugene Wiltsey, be-

fore his death, filed objections to the probate of the will; and this cause of action undoubtedly survived under the statute. But the proper parties should have been substituted in his stead. As the will covered nothing but personal property, the only person who could be substituted was his administrator or executor. This was not done. Adopting contestants' argument for the purposes of the case, Eugene Wiltsey had a cause of action which he was attempting to enforce at the time of his death. Upon his death this cause of action survived, and could only be asserted by his representatives, for it related to personal property only. *Ritchie v. Barnes,* 114 Iowa, 67; *Phinny v. Warren,* 52 Iowa, 332. In certain cases it is held that the right to a distributive share of personal property vests in the person ultimately entitled thereto instanter upon the death of the intestate, and not from the time of distribution. But it is also said that, if such distributee dies before distribution actually takes place, his share goes to his legal representative or legatee. *Moore v. Gordon,* 24 Iowa, 158; *Ferry v. Campbell,* 110 Iowa, 296. While we may admit that Eugene Wiltsey had a vested interest in his father's personal estate at his death, and was entitled, therefore, to contest his will, when he (Eugene) died this interest or cause of action passed primarily to his personal representative or legatee. But his legatee was not such until his will was admitted to probate. *Foss v. Cobler,* 105 Iowa, 732, and cases cited. Contestants did not show any right to object to the probate of the will of Tolman Wiltsey, and the motion in arrest of judgment should have been sustained. This disposes of the case, but, as there will doubtless be a retrial of the issues with proper parties, it is well, perhaps, to notice some of the other assignments of error.

II. It seems that Tolman Wiltsey, during his lifetime, was examined as a witness in a case wherein Eugene Wiltsey was plaintiff and Elizabeth Wiltsey was defendant. A trans-

¹. EVIDENCE. manuscript of testimony. lation of the shorthand reporter's notes of his testimony, duly certified, was offered and received in evidence in this case to prove what he had there tes-

tified to.    Under present statutes this was incompetent. *Walker v. Walker,* 117 Iowa, 609.

III.    Proponents offered testimony of one John Monroe, a beneficiary, as to a conversation had by him with Eugene Wiltsey, deceased, regarding his feelings towards Tolman Wiltsey, deceased.    This was objected to as im-

4. EVIDENCE: conversations with deceased.

material and incompetent, and because the witness was incompetent, under section 4604 of the Code.    As these contestants were claiming through Eugene Wiltsey, who was dead when the evidence was offered, we think the ruling denying the evidence was correct.    Moreover, the matter was fully brought out without objection from subsequent witnesses.

IV.    Certain of the instructions are complained of.    We shall not set them all out.    The eighteenth instruction reads as follows:    "In the determination of the questions sub-

5. EVIDENCE: undue influence.

mitted as to mental capacity and undue influence you should consider the age of the testator, his physical and mental condition at and before the time the will was executed, his habits and associations, his relations to the parties in interest, his affection toward them, their claim upon his bounty, the character and extent of his property, and the disposition made of it in his will, whether such disposition was reasonable and natural or otherwise, his previous intentions as expressed by himself to others or shown by his conduct, and any and all facts and circumstances shown in evidence bearing upon the question." The matters referred to therein were to be considered by the jury in the issues of undue influence and unsoundness of mind. . This instruction seems to run counter to the law as announced in *Muir v. Miller,* 72 Iowa, 585.    Prior declarations of the testator are not evidence of undue influence. Neither is his age, nor the character and extent of his property.    *Trotter v. Trotter,* 117 Iowa,. 417.

We discover no other errors, but for the reasons pointed out the judgment must be and it is REVERSED.