ANNA WILTSEY and FRANK E. WILTSEY, Appellees, v. SPENCER WILTSEY and Others, Appellants, and Same Plaintiffs, Appellees, v. SPENCER WILTSEY, W. J. MONROE and Others, Appellants, and Same Plaintiffs, Appellees, v. ELIZA HANSON and Others, Appellants.

Actions: DELAY IN PROSECUTING: DISMISSAL: DISCRETION. Where a
1   testator executed conveyances at the same time he executed his will and they were a part of the same transaction, several years' delay in prosecuting an action to set the conveyances aside on the ground

of mental incapacity, pending a contest of the will on the same ground, was not such laches as to require a dismissal of the action; and where the motion to dismiss was not made until after the filing of a supplemental petition indicating an intention to proceed with the suit, its denial was within the court's discretion.

Fraudulent conveyances: UNDUE INFLUENCE: EVIDENCE. While mere
2 solicitation, though urgent, made with the view of securing the execution of a gift or devise of property is not necessarily undue influence, and as a matter of law may not require the setting aside of a will or conveyance thus obtained, yet where such influence is brought to bear upon one whose physical strength is spent and whose mind is shattered by impending dissolution, courts will set aside any advantage thus obtained.

*Appeal from Hamilton District Court.*—HON. CHAS. E. ALBROOK, Judge.

WEDNESDAY, DECEMBER 13, 1911.

ACTIONS in equity to set aside certain conveyances, made by Talmán Wiltsey in his lifetime, on the ground of want of mental capacity in the grantor, and that the execution of such conveyances was procured by undue influence. The plaintiffs were adjudged entitled to the relief prayed, and the defendants, or some of them, appeal. Other phases of the controversy between these parties have twice before had the attention of this court. See *Wiltsey's Estate,* 122 Iowa, 430, and *Will of Wiltsey,* 135 Iowa, 430, to which reference is made for an exhibit of such material facts as are not set forth in the following opinion.—*Affirmed.*

*Wesley Martin* and *D. C. Chase,* for appellants.

*Boyce & Henderson* and *W. T. Bennett,* for appellees.

WEAVER, J.—The will of Talmán Wiltsey was successfully contested on the grounds of mental incapacity and undue influence. See *Wiltsey's Will,* 135 Iowa, 430, and

122 Iowa, 423.   The plaintiff's right to share in his estate is derived through Eugene Wiltsey, deceased, who was the acknowledged natural son of Talman Wiltsey.   The deeds, the validity of which is attacked in these actions, were made and executed at the same time with the will which has been set aside, as above indicated.   In other words, the making of the will and the execution and delivery of the deeds were substantially parts of one and the same transaction, by which Talman Wiltsey, in anticipation of death, undertook to dispose of his estate.   The petition in each of the several cases now under examination alleges that the deeds were made without consideration and under undue influence, and at a time when the grantor was of unsound mind.   Plaintiff further pleaded the adjudication had in the will contest as conclusive upon the question of the grantor's mental incapacity, and of the fact of undue influence exercised over him.

The defendants admit the making and delivery of the deeds, but deny that the grantor was of unsound mind, or that he was in any manner unduly influenced in making such conveyances.   They further allege that the deeds were made upon a good and sufficient consideration therefor, and that, in any event, they should be treated as fully executed gifts to the grantees.   They also plead that plaintiffs are estopped by their laches in the prosecution of these actions.

I.   Talman Wiltsey died on August 28, 1900.  'Within thirty days thereafter, Eugene Wiltsey, the natural son above mentioned, instituted a contest of his father's will, and brought the three several actions which have been consolidated for hearing upon this appeal.   Quite naturally the parties on either side first concentrated their attention and their energies upon the issues joined in the will contest, pending which neither of them, except as hereinafter stated, demanded trial of the actions to set aside the deeds.   The probate proceedings were stubbornly contested at each step, and, as we

1. ACTIONS: delay in prosecuting: dismissal: discretion.

have seen, were twice appealed to this court, with the result
that the invalidity of the will was not finally established
until the petition for rehearing upon the second appeal was
denied, on September 27, 1907. At the September term,
1904, of the district court, defendants having served notice
of trial of these cases, they were continued, upon motion of
the plaintiffs, because of the absence of witnesses. From
that time they remained dormant until February 12, 1909,
when plaintiffs filed an amended and supplemental petition,
substituting the heirs and representatives of several parties
who had died since the beginning of the litigation, and
pleading the adjudication in the will contest. This was
followed by a motion on part of the defendants to dismiss
the actions for want of prosecution. The motion was denied,
and the alleged delay or laches in the prosecution of the
case was then pleaded by the defendants in answer to the
amended petition. Trial upon the merits was finally ac-
complished in February, 1910, with the result already in-
dicated. The first assignment of error is directed to the
refusal of the trial court to dismiss the actions for want of
prosecution.

We discover no sufficient ground for holding that the
court abused its discretion in denying the motion to dismiss.
It is true that this litigation has been so unconscionably
prolonged that several of the parties, apparently discouraged
over the prospect of its termination, have died, leaving their
law suits as a legacy to their heirs; but, so long as the will
contest was being waged, there was manifest good reason
why neither party should press the other actions to trial.
The cases all involved the same issue upon the mental
capacity or incapacity of Talman Wiltsey at the date of the
will and deeds, and of the alleged undue influence under
which these instruments were executed. The same testimony
which would have been competent in the one case was
equally competent in the other, and if the contest of the will
was finally determined in favor of the proponents, there

would have been little or no use in the proceedings to set aside the deeds, made at the same time. This situation seems to have appealed to both parties, and, except as to the one notice of trial, given in the year 1904, the equitable proceedings were permitted to remain in abeyance by the tacit consent of all concerned. The motion to dismiss was not made until after the plaintiffs had filed their supplemental petition, and thus given evidence of their readiness to proceed. Its denial was well within the discretion of the court, and the exception taken thereto by the appellants can-not be sustained.

II. We shall not attempt to set out or review the evidence contained in the record concerning the alleged mental incapacity of Talman Wiltsey or the influence alleged to have been employed in procuring the deeds here in question. It is enough to say that it is substantially identical with that produced upon the trial of the will case, and held by us sufficient to sustain the verdict in favor of the contestants. That testimony is stated with some degree of detail by the writer of the opinion in the case of *Wiltsey's Will, supra.* The court below held that the finding upon these questions in that contest was not available to the plaintiffs as an adjudication controlling the result upon the issues here presented; and as plaintiffs have not appealed, that ruling will be treated as the law of the case. It may also be conceded, as contended by counsel, that it is entirely competent for this court, while sustaining the verdict of the jury in the former action at law, to reach the opposite conclusion upon the same testimony, when presented to us upon appeal in an equitable action. Acting upon that theory, we have examined the record anew, and discover no ground upon which to interfere with the decree from which some of the defendants have appealed. The grantor was at the date of these papers of advanced age and upon his deathbed; he was evidently very weak, and closely

2. FRAUDULENT CONVEYANCES: undue influence: evidence.

surrounded by the beneficiaries of the several instruments alleged to have been executed by him. The evidence as a whole convinces us that the old gentleman was reluctant to to make these papers, that he realized his own inability to act in such matters, was confused and uncertain in his own mind as to what he could or ought to do, and that he finally yielded to the solicitation of the relatives who surrounded his bed, and were hostile to the claims of the natural son, and that in executing the papers he was registering their will, rather than his own.

It will be admitted that mere solicitation, even though it be urgent, addressed to a person to persuade or induce him to make a gift or devise of his property, is not necessarily undue influence, nor does it, as a matter of law, of itself, afford ground for setting aside a will or deed so obtained; but, when such influences are brought to bear upon a dying man, whose physical strength is spent and whose mind is groping in the shadows of impending dissolution, the courts will not hesitate to set at naught an advantage thus secured. We do not ignore the evidence of numerous distinterested witnesses of unimpeachable character who speak of the general vigor and soundness of the grantor's mind in his old age. There are but few of these, however, who saw or had opportunity to judge of his condition in the very last stages of his life; and of the testimony bearing upon the facts attending his last sickness and leading up to the execution of the deeds, though not without dispute, we think the preponderance is with the plaintiffs. There is no occasion for discussing the authorities cited in support of the appeal. The legal propositions are generally unassailable.

The real conflict in this case is one of fact, and, while the burden of the issue is upon the plaintiffs, we think it has been fairly sustained. The decree of the district court is therefore *affirmed*.