EARL HAWKINS et al., Appellees, v. JACOB B. VERMEULEN et al., Defendants; SOPHIA AKERS, Appellant.

No. 40117.

June 23, 1930.

Rehearing Denied March 17, 1931.

 ██ 

*George M. Faul,* for appellant.

*Chester J. Eller,* for plaintiffs, appellees.

*Milton W. Strickler,* for defendants.

Stevens, J.—On June 17, 1928, Earl Hawkins obtained a judgment against Jacob B. VerMeulen in the district court of Polk County for $4,000. A few days prior to the above date, the said VerMeulen conveyed the property involved in this action by warranty deed to the appellant, Sophia Akers, for an expressed consideration of one dollar and other good and valuable consideration. This action was commenced by Hawkins against Ver Meulen and Akers to set aside said conveyance and to subject the property described in the instrument of conveyance to execution for the satisfaction of such judgment.

The ground upon which relief was asked was that the conveyance was without consideration and in fraud of creditors. Thereafter, and during the pendency of this action, VerMeulen instituted voluntary bankruptcy proceedings in the Federal court at Des Moines. Following this action, J. Wayne Hill, who was appointed trustee in bankruptcy, was substituted as plaintiff herein, and this action was thereafter prosecuted in his name. The trustee filed an amendment to plaintiff's amended and substituted petition, adopting the allegations thereof, alleging that the transfer in question was made within three months prior to the institution of the bankruptcy proceedings, and praying relief upon the ground stated in the prayer of the substituted petition. The claim of the trustee that the transfer was made less than three months prior to the proceedings in bankruptcy was wholly ignored by the court in its decree, which was based upon the finding made that the transfer from VerMeulen to appellant was

without consideration and wholly fraudulent, as against the creditors of the former. The decree established the judgment in favor of Hawkins as a lien upon the property in controversy, ordered that special execution issue, and that the property be sold thereunder. It was further provided therein that the proceeds derived from such sale should be applied as follows: First, to the payment of the costs of this action; second, to the payment of the costs in the law action in which the judgment was obtained; third, that the amount of the lien claimed by Hawkins's attorney on the judgment be paid; and fourth, "then pay to the trustee in bankruptcy the balance collected from the sale of said property, not to exceed the amount of said judgment and interest remaining unpaid." The decree further provided that, in the event that the property, when sold on special execution, did not bring enough to satisfy the Hawkins judgment, appellee Hill, trustee in bankruptcy, should qualify as receiver, to take immediate possession thereof, upon the filing of a bond for $500. Appellant resided on the property, and, according to the testimony, VerMeulen, who is a cousin, boarded with her. The decree further ordered appellant and VerMeulen to remove from the premises within 30 days from the date on which the receiver should file a bond, and that, in the event that they failed to do so, a writ of possession should issue for their removal. It thus appears that the relief granted was for the sole and exclusive benefit of Hawkins. The rights and claims of all other creditors, if any, represented by the trustee in bankruptcy were ignored. The trustee has not appealed.

It appears from the record that, very shortly after the judgment for $4,000 was obtained by Hawkins against VerMeulen, proceedings auxiliary to execution were instituted. The testi-mony in the auxiliary proceedings was taken by an official court reporter as commissioner, transcribed, duly certified, and filed in the office of the clerk of the district court of Polk County. Although appellant was not made a party to the auxiliary proceedings, she was called and examined as a witness in behalf of the judgment creditor. VerMeulen was also examined as to his property, with particular reference to the transfer complained of. The evidence introduced by appellee upon the trial of this action consisted of a transcript of the testimony

of appellant. The remaining testimony showed the bankruptcy proceedings, and included certain remote transactions and circumstances of little weight, and much of it of doubtful relevancy. The transcript of the testimony of VerMeulen was admitted without objection. The transcript of the testimony of appellant was received, however, over her objections. The sufficiency of the objection interposed is questioned on this appeal. Her objection, as disclosed by the record, was that the transcript of appellant's testimony showed that it was taken in another proceeding, to which she was not a party, and that it was not the best evidence. The objection was overruled. At the conclusion of the reading of the transcript, appellant moved that the same be stricken, upon the grounds previously urged, and upon the further ground that no foundation had been laid for the introduction thereof. The motion was likewise overruled. The objection interposed to the offer of the transcript should have been sustained. The statute under which a transcript is admissible (Code, 1927), is as follows:

"Sec. 11353. The original shorthand notes of the evidence or any part thereof heretofore or hereafter taken upon the trial of any cause or proceeding, in any court of record of this state, by the shorthand reporter of such court, or any transcript thereof, duly certified by such reporter, when material and competent, shall be admissible in evidence on any retrial of the case or proceeding in which the same were taken, and for purposes of impeachment in any case, and shall have the same force and effect as a deposition, subject to the same objections so far as applicable."

As stated, appellant was not a party to the action in which her testimony was taken, and the transcript was not offered for the purpose of impeachment. There was nothing in the record to impeach. We have frequently had occasion to interpret and apply Section 11353. *Connell v. Connell*, 119 Iowa 602; *Spiers v. Hendershott*, 142 Iowa 446; *In re Will of Wiltsey*, 122 Iowa 423; *Rudd v. Dewey*, 139 Iowa 528; *Lush v. Incorporated Town of Parkersburg*, 127 Iowa 701; *Walker v. Walker*, 117 Iowa 609; *Knapp v. Brotherhood of American Yeomen*, 149 Iowa 137.

Some contention is made by appellee that the transcript was admissible for the purpose of showing admissions of appellant.

No proper foundation was laid for the introduction of the transcript or any part thereof for this purpose. No attempt was made in the trial of this case to identify it as the testimony of appellant. It is true that it bore the certificate of the commissioner, and that was sufficient for the purposes of the record in the proceedings auxiliary to execution. It is clear that the transcript of appellant's testimony was not admissible, and should not have been considered in this case.

The transcript of appellant's testimony being excluded, the record contains no evidence either that the transfer was without consideration or that it was in fraud of creditors. This was the view expressed by the trial court at the conclusion of the evidence for appellee. Appellant was, however, called as a witness in her own behalf. She testified that she paid value for the property, $274.44 of which was paid in cash, and the balance by the surrender of three notes which he was owing her, to VerMeulen, and the satisfaction of other indebtedness due her. Three notes for $900, $800, and $700, respectively, were introduced in evidence. In addition thereto, a memorandum of account claimed to have been kept by appellant of transactions between herself and VerMeulen was also received in evidence. The testimony of appellant is not disputed by any witness in the case.

It is contended by appellees that it is unworthy of belief, and that the documentary evidence introduced by her carried on the face thereof inherent evidence that it was manufactured solely for the purpose of this case. The affirmative testimony of appellant, which is positive in character, cannot be held to have proven the negative. Unless the evidence of its falsity is inherent therein as a whole, or in such part as to discredit the whole, it cannot be rejected by this court. Fact issues in equity cases triable *de novo* on appeal must be determined strictly upon the record filed in this court. It is claimed by appellees that the book account shows upon its face that it was recently made out; that each and every entry therein was made at the same time, with the same lead pencil; and that this is also true as to the notes. No evidence whatever was offered by appellees for the purpose of proving this contention. The notes bore the appearance of age and genuineness. If they were rubbed and discolored

by appellant, or someone for her, for the purpose of giving them the appearance of age, the evidence does not show it. This court, in the absence of a syllable of evidence to sustain it, cannot say that the documentary evidence offered manifests inherent evidence that it is a mere fabrication. There is in the record but a single circumstance bearing on this subject. It appears that appellant was asked, at a creditors' meeting, to present the notes and account book to which she in her testimony referred. She did not comply with this request. We find no explanation of appellant's failure in this respect in the record.

A single remaining circumstance may be mentioned: that is, that the deed to appellant was delivered to the recorder for record by VerMeulen, about the date judgment was obtained against him. Whatever view may be taken of appellant's testimony, the fact remains that appellees wholly failed to prove that the transfer complained of was without consideration, or fraudulent as against creditors. The decree subjecting the property to execution for the satisfaction of the judgment can only be sustained, if at all, upon the record as a whole. If appellant's testimony was wholly excluded, the decree entered below could not be sustained. This for the reason that the appellee wholly failed in chief to make out his case. We cannot, on the record, hold that appellant's own testimony, which is without dispute in the record, is so inherently false as to make out a case in favor of her adversary. Mere ground for suspicion does not make a case in favor of a creditor seeking to subject property conveyed to a third party to execution. *Mulvaney v. Buckley,* 190 Iowa 1119. The evidence in such case, to justify the setting aside of a transfer of property at the suit of a creditor, must be clear, satisfactory, and convincing. *Harvey v. Phillips,* 193 Iowa 231, and cases therein cited. Whatever may be the truth as to the genuiness or falsity of the documentary evidence offered in this case, the evidence before us is not sufficient to impeach it.—*Reversed.*

MORLING, C. J., and EVANS, FAVILLE, ALBERT, KINDIG, WAGNER, and GRIMM, JJ., concur.