(No. 5655. July 3, 1931.)

JAMES NIELSON, Appellant, v. OLD CHARLES DICKENS MINING COMPANY, a Corporation, et al., Respondents.

[1 Pac. (2d) 193.]

Tannahill &·Leeper, for Appellant.

W. H. Hanson, Carlton Fox and Therrett Towles, for Respondents Dickens Consolidated Mines Company et al.

Elmer E. Johnston, for Respondent Garrett.

GIVENS, J.—This appeal is from an order dismissing the action for want of prosecution. A chronological history of the proceedings is as follows:

March 17, 1924, appellant as trustee of a bond issue of the Idaho Knickerbocker Mines Company, a corporation, which later changed its name to Old Charles Dickens Mining Company, a corporation, filed suit against said corporations

(evidently at first a friendly foreclosure), and the other defendants; some as statutory trustees of the corporation as defunct, and others having different interests, specified later, to foreclose for the balance of the bonds remaining unpaid on said date, by his attorneys, H. L. Post of Asotin, Washington, and Cox & Martin of Lewiston, Idaho. The bonds were secured by mortgage on the mining properties of said corporations located in Shoshone county, Idaho.

Personal service of the summons and amended complaint was made on Weniger and J. K. Johnson, July 21, 1924, the amended complaint being filed June 13, 1924. Weniger and Davis demurred July 8, 1924, by Walter H. Hanson, attorney, and Weniger separately demurred August 9, 1924, by Carlton Fox, attorney. A. W. Davis, was a judgment creditor of the mining companies, in which judgment W. H. Hanson evidently had an interest for attorney's fees.

Summons was served by publication on October 23, 1924.

The demurrers of Weniger and Davis were set for hearing, May 1, 1926; later noticed for July 1, 1926, and on that day the demurrer of Weniger was overruled, and until August 10, 1926, given to answer. It will be noticed defendants passed over the lapse of two years without objection. July 1, 1926, Davis and Weniger were given permission to file an amended demurrer. August 10, 1926, Weniger was given ten days additional to answer. The amended demurrer of Davis was filed by W. H. Hanson, his attorney, August 19, 1926. Weniger filed an answer by Attorney Fox, August 23, 1926. Davis' demurrer was sustained January 12, 1927, and appellant given ten days to amend, and this time extended to February 19, 1927. A second amended complaint was filed February 2, 1927. Time of Davis to plead to the second amended complaint was extended to March 10, 1927. Weniger's demurrer and motion for election as to the second amended complaint, was overruled, and twenty days given to plead, February 26, 1927. Weniger filed a separate demurrer February 16, 1927, by Attorney Fox. Davis filed one by Attorney W. H. Hanson, March 17, 1927. Weniger's time to answer was extended sixty days from March 23, 1927, and answer was

filed by Attorney Fox, June 17, 1927. July 24, 1928, J. A. Wayne entered as counsel for appellant.

Cox & Martin, and J. A. Wayne, attorneys for appellant, April 19, 1929, noticed Davis' demurrer for hearing April 25, 1929. April 8, 1929, Attorney Fox noticed for Weniger a motion to dismiss the action for want of prosecution on April 25, 1929, supporting it with an affidavit by Fox detailing the general situation, and containing copies of letters between the various attorneys as to extensions, attempts to get various action by the attorneys for all parties, and claiming dilatory tactics. The motion to dismiss was argued before the court, and taken under advisement April 24, 1929, and the action as to Weniger dismissed June 1, 1929. There is no appeal from this order. Weniger's only connection with the action was as sheriff who had levied an execution.

July 17, 1929, appellant, by Attorneys Post, Cox & Martin, and J. A. Wayne, petitioned for an order to bring in as an additional party the Dickens Consolidated Mines Company, as interim successor to the Old Charles Dickens Mining Company, and permission to so do was given July 17, 1929, and an amended and supplemental complaint was filed July 17, 1929, and summons issued and served on Hanson, as attorney for said company. On the same day, appellant's attorneys asked to have an answer of the Old Charles Dickens Mining Company, by Attorney R. L. Campbell, filed *nunc pro tunc* as of July 18, 1924, and it was lodged. The motion was supported by an affidavit of Attorney Post, reciting why this action was taken, and containing copies of correspondence between respective attorneys showing various negotiations and requests for information as to the action, and Campbell's connection therewith, and authority therein. August 6, 1929, the Dickens Consolidated Mines Company, evidently successor to the Old Charles Dickens Mining Company, by Attorneys Hanson and Fox, filed a motion to quash the service on it, supported by affidavits of Fox, and Rogers, county recorder of Shoshone county, that the Old Charles Dickens Mining Company was a defunct corporation. October 1, 1929, this mo-

tion was set for hearing October 8th; later advanced to October 12th.

October 7, 1929, Post, Cox & Martin and J. A. Wayne, withdrew as counsel for appellant.

October 12, 1929, Hanson and Fox, as attorneys for the Dickens Consolidated Mines Company, notified appellant to appoint an attorney, and the motion to quash would be for hearing October 22, 1929. October 23, 1929, Tannahill & Leeper appeared as attorneys for appellant.

October 29, 1929, Garrett, Miller, Sargent, Roeder, and Nestos, directors of the Old Dickens Mining Company at the time the action was filed, filed a motion to substitute them as statutory trustees for the Old Charles Dickens Mining Company, a defunct corporation, as defendants, and appellant filed the same day a similar motion.

November 14, 1929, Hanson and Fox, as attorneys for Davis, demanded a bond to secure costs, on the ground that appellant was a nonresident, supported by affidavits showing that the Old Charles Dickens Mining Company became defunct October, 1923. Such cost bond was filed November 21, 1929.

The motion to amend and substitute parties, and defendants' demurrers and motions to quash, were noticed by Tannahill & Leeper for November 20, 1929. In opposition to the motion to dismiss and quash, appellant filed November 21, 1929, affidavits of appellant, Post, Sargent and Campbell, detailing the history of the mining company, and the litigation; that the *nunc pro tunc* answer above referred to had been served on Cox & Martin, July 17, 1924; showing negotiations for settlement, and partial payment of the bonds; excusing the delays, etc.; charging that the Davis judgment had been satisfied, and setting forth voluminous correspondence between the attorneys. An affidavit of Garrett, filed November 21, 1929, as to the delay, stated as follows:

"That Mr. Walter Hanson was employed by the Dickens Consolidated Mines Company during the last several years said negotiations have been pending and has been aware that such negotiations were pending and in part has con-

tinued the same; that affiant was present at a meeting of the bondholders and stockholders of the Dickens Consolidated Mines Company held in Spokane in the month of February. or thereabouts in the year 1927 at which Mr. Sargent was present as is shown by his affidavit; that at that time and place Mr. Whittum, the then president of the Dickens Consolidated Mines Company told the bondholders in substance to this effect; that they need not be uneasy, that the Company would pay their bonds in full and recognized it as a just obligation, but that it was extremely difficult for the Company to raise money at that time and they had other obligations to pay—that he, Mr. Whittum, requested the bondholders to delay prosecution of this action until the Company could raise funds to pay the same; that this affiant, as a director of the Dickens Consolidated Mines Company, also made similar statements at that time and place as did other officers and directors present and your affiant believes that this plaintiff and the bondholders relied upon said statements and permitted this action to be continued solely by reason thereof and in reliance thereon.''

November 29, 1929, the trial court set all motions for hearing, December 16, 1929.

December 16, 1929, the Dickens Consolidated Mines Company and A. W. Davis, on affidavits of Fox, C. Fred Kratzer and Hanson, filed a motion to dismiss the action for want of prosecution.

Kratzer, as secretary-treasurer of the company, in his affidavit, reviewed the history of the case, an agreement for the transfer of certain shares for the formation of a new holding company, assumption by it of the debts of the former concerns, and in effect denied all claims by appellant as to negotiations, their effect, and set forth excuses for the time elapsed since the action was instituted, and questioned the validity of the bond issue, quoting various letters between the directors of the mining companies involved. The affidavits of Hanson and Fox were to the same effect, and further detailed correspondence and negotiations between the attorneys for both sides.

December 16, 1929, the court granted appellant to January 1, 1930, to file counter-affidavits on the motion to dismiss and quash, and the Davis demurrer was continued. Affidavits of Farrington, appellant, Garrett, Gritman and Sargent, setting forth detailed explanation as to the history of the affairs of the respondent mining company, and excusing the delay, were filed January 2, 1930.

An affidavit of Davis filed January 2, 1930, stated his judgment against the Old Charles Dickens Mining Company was satisfied by the issuance to him of stock in the Dickens Consolidated Mines Company.

January 3, 1930, Elmer Johnston as attorney for Garrett, Miller, Nestos, Sargent, and Roeder, filed a notice as of November 14, 1929, calling up the motion for substitution, on November 20, 1929.

April 22, 1930, W. H. Hanson, as attorney for the Dickens Consolidated Mines Company and Davis, Kratzer and Fox filed affidavits answering at length the affidavits of Farrington, appellant, Garrett, Gritman and Sargent, above noted. On the same day, the court continued the hearing on the motions to a date to be agreed upon.

April 25, 1930, the court ordered the motion granted, and dismissed the action.

On many points, both as to the merits of the controversy and the question of and responsibility for the delay, in connection with the prosecution of the action, there is a sharp conflict in the affidavits, and plausible inferences might be drawn in favor of either side. It does appear, however, with reasonable certainty, so far as this appeal is concerned, that some bonds are owned by stockholders and directors of the Dickens Consolidated Mines Company, and some are owned by parties who are neither directors nor stockholders; that Davis, a former judgment creditor of the company, is now a stockholder in the company; that the company contends the bonds are now invalid for one reason or another.

If the action is dismissed, the bondholders lose; if the action is not dismissed and the bonds are valid, and the property does not sell for more than enough to pay the

bonds, the stockholders stand to lose; if not dismissed and the bonds are invalid, the bondholders lose.

It also appears from the record, and the disputes and contradictions therein show, that dealings and negotiations of a kind, were, though at times in a more or less desultory manner, being carried on between the attorneys and parties during the entire elapsed time.

The trustee concededly represents the interests of the bondholders, and if the bonds are valid, they constitute a debt against the property, securing them for the benefit of the bondholders, and a dismissal would deprive the bondholders of having the merits passed on. On the other hand, if the delay has so far prejudiced the rights of the stockholders as to overbalance the right of the bondholders in the above respect, consideration must be given such situation.

C. S., sec. 6838, would seem to be the authority for the court to dismiss an action for want of prosecution. It will be noticed that we have no statute similar to section 583, California Code of Civil Procedure; hence the authorities cited by respondent from California, based on said California statute, are not in point.

The general rule as to dismissals for want of prosecution, and the application thereof, stated in 18 C. J., pp. 1191–1193, would not seem to warrant dismissal herein, because while slow, there has been movement by appellant, and respondents have at least not greatly diminished the sluggish progress of this action towards final determination on the merits. (18 C. J. 1194.)

In *Werner Piano Co. v. Baker*, 35 Ida. 496, 207 Pac. 588, the court dismissed an action for failure to serve summons within one year, under C. S., sec. 6671, and the court said:

"A judgment of the district court dismissing an action for lack of prosecution should be reversed only for an abuse of discretion."

The original summons herein was served within the statutory time.

Certainly, it does not appear from the record herein, that appellant abandoned, or at any time intended to abandon his action to enforce payment of the bonds by foreclosure of the securing mortgage, and in view of the negotiations and dealings transpiring, it would seem arbitrary to dismiss the action. (*Wiltsey v. Wiltsey,* 153 Iowa, 455, 133 N. W. 665; *Wright v. Howe,* 46 Utah, 588, 150 Pac. 956, L. R. A. 1916B, 1104.)

In *Smith v. Faris-Kesl Const. Co.,* 27 Ida. 407, 150 Pac. 25, the court said:

"The appellant Emmett Irrigation District presents a number of assignments of error in addition to those relied upon by the appellant construction company, among them being 'that there was no evidence to justify or sustain the finding that plaintiff was not guilty of laches in prosecuting his suit.' The complaint in this case was filed on May 6, 1907, and the original answer of the construction company on September 16th of the same year. An amended answer was filed by said construction company, which by oversight does not appear in the transcript, and the copy supplied to the record does not show the date of filing, but it appears to have been verified on January 11, 1912. On February 7, 1912, on motion of counsel for the defendants, the said appellant, Emmett Irrigation District, was substituted as a defendant for the Canyon Canal Company, Limited. It answered on February 8th and the case was set for trial on February 9, 1912, upon which date the trial of the case was commenced, and it seems to have been prosecuted without undue interruption until its conclusion. While the clerk's minutes show that between the date of filing the original answer of appellant construction company and the date of the beginning of the trial the case was repeatedly set for hearing and was stricken from the calendar or continued for the term, it does not appear that these delays were due to any fault on the part of the respondent nor that they met with any opposition upon the part of anyone else, neither does it appear that it was ever the intention

of respondent to abandon his claim of lien; furthermore, the trial commenced on the next day after said appellant irrigation district answered, and its codefendant the construction company makes no complaint of the delay which had occurred prior to that time."

While in the above-quoted case, the defendant went to trial without objection, and defendants have not done so herein, it will be noticed that the defendants other than Weniger, made no objection on the ground of delay, until the present attorneys for appellant began to vigorously take steps for the disposition of the issues in the case.

Judgment reversed. Costs to appellant.

Lee, C. J., and Budge, Varian and McNaughton, JJ., concur.