STATE of Iowa, Appellee,

v.

George Edward WASHINGTON, Appellant.

No. 52787.

Supreme Court of Iowa.

July 18, 1968.

of assault with intent to inflict great bodily injury contrary to section 694.6, Code, 1966.

A preliminary information had been filed in the municipal court of Cedar Rapids charging George Edward Washington with assault with intent to commit murder contrary to section 690.6. Following a preliminary hearing at defendant's request, he was held to answer the same and the grand jury returned the indictment on which defendant was prosecuted.

Defendant as a witness in his own behalf at the trial admitted shooting the victim, but asserted that in doing so he was acting in self defense and any injuries inflicted upon the victim resulted from the exercise of lawful self defense. As bearing on this contention of self defense, defendant attempted to introduce under the provisions of Code sections 622.97–622.100, inclusive, a certified transcript of Darwin Ambers' testimony as a State's witness at the preliminary hearing.

It was stipulated Darwin Ambers was beyond the reach of subpoena or his whereabouts were unknown at the time of trial.

The court sustained the State's general objection to the transcript, basing his ruling on his interpretation of the statute relating to the use of transcribed testimony.

I. Defendant contends by this ruling he was denied the opportunity to present his entire case of self defense and this was a denial of due process.

The State on the other hand contends use of a transcript of a witness' testimony in a preliminary hearing is permitted only for purposes of impeachment; that admissibility of shorthand notes or a certified transcript of evidence upon trial of any cause or proceeding in any court of record, when otherwise material and competent, is limited by statute, when offered as substantive evidence, to a retrial of the case or proceeding in which the same were taken. We sustain this contention.

Code section 622.97 provides:

"Authorized use. The original shorthand notes of the evidence or any part thereof

James L. Chipokas, Cedar Rapids, for appellant.

Richard C. Turner, Atty. Gen., David A. Elderkin, Asst. Atty. Gen., William G. Faches, County Atty., and Stephan B. Jackson, Asst. County Atty., Cedar Rapids, for appellee.

MASON, Justice.

This is an appeal from judgment following a jury verdict convicting defendant

heretofore or hereafter taken upon the trial of any cause or proceeding, in any court of record of this state, by the shorthand reporter of such court, or any transcript thereof, duly certified by such reporter, when material and competent, shall be admissible in evidence on any retrial of the case or proceeding in which the same were taken, and for purposes of impeachment in any case, and shall have the same force and effect as a deposition, subject to the same objections so far as applicable."

This section first appeared as chapter 9, section 1, Laws of the Twenty-seventh General Assembly (1898) and as section 245–a Code supplement 1913.

"As therein stated, although the statute provides the transcript shall have the same force and effect as a deposition, it is not a deposition, and various provisions governing the taking of depositions are not applicable to it. Nor do the Rules of Civil Procedure relative to interrogatories have any bearing here." Rubin Bros. Butter & Egg Co. v. Larson, 247 Iowa 541, 545, 74 N.W.2d 574, 576.

■ Use of a transcript or reporter's notes is not limited to cases where the witness is beyond the reach of a subpoena or by other conditions for use of a deposition, but such evidence may be admitted when the witness is not present in the court at the time his former evidence is offered, whether he is within or beyond the reach of a subpoena. LaSell v. Tri-States Theatre Corporation, 235 Iowa 492, 499, 17 N.W.2d 89, 93, and citations.

Whether defendant was or was not beyond the reach of a subpoena as stipulated is wholly immaterial on the question of admissibility of the transcript under our statute. "It has been repeatedly held that it need only appear that the witness whose former testimony is thus introduced is not present in court [at the time his testimony is offered]." Lucia v. Utterback, 197 Iowa 1181, 1183, 198 N.W. 626, 627.

Section 622.97 "does not provide that the transcript may be used only under condi-

tions when a deposition could be taken and used, but it does in terms provide that the transcript is admissible in evidence, and that it has the force and effect of a deposition. Under this statute, the rule that the official transcript of the evidence of a witness who testified at a former trial is admissible in evidence when the witness is not present in court, has been repeatedly recognized by this court." J. L. Owens Co. v. Leland Farmers' Elev. Co., 198 Iowa 271, 274, 198 N.W. 19, 20, and citations.

■ The introduction of shorthand notes of testimony taken on a former trial is not made to depend upon the result of such trial, nor upon the validity of any judgment that might have been then rendered. Lucia v. Utterback, supra.

Section 622.98 requires the transcript be complete, section 622.99 pertains to the certification by the reporter and 622.100 provides for sworn verification in lieu of certification.

It is obvious defendant was not seeking to use the transcript for purposes of impeachment but as substantive evidence of self defense.

■ The purpose of a preliminary hearing is to determine whether there is probable cause to believe defendant has committed an offense. Vincent v. United States (8 Cir.), 337 F.2d 891, 896, certiorari denied 380 U.S. 988, 85 S.Ct. 1363, 14 L.Ed. 2d 281. It is not a trial. Carroll v. Turner (D.C.E.D.N.C.), 262 F.Supp. 486, 490; 22 C.J.S. Criminal Law § 331. A preliminary hearing is ordinarily a much less searching exploration into the merits of a case than a trial, because its function is the more limited one of determining whether probable cause exists to hold the accused for trial. Barber v. Page, 370 U.S. 719, 88 S.Ct. 1318, 1322, 20 L.Ed.2d 255.

■ This was not a retrial in which the transcribed evidence was introduced. Nor as just noted was the transcript offered for impeachment. It was not, then, within the provisions of the statute. Walker v.

Walker, 117 Iowa 609, 610, 91 N.W. 908, cited with approval in Hawkins v. Ver-Meulen, 211 Iowa 1279, 1282, 231 N.W. 361, 362.

The exclusion of defendant's offer of the transcript was correct.

Cases cited by defendant do not help. State v. Brown, 152 Iowa 427, 132 N.W. 862, considered the question of admissibility of testimony of a witness upon a *former trial,* when he was beyond the reach of a subpoena at the *subsequent trial* and did not involve a consideration of what is now section 622.97. LaSell v. Tri-States Theatre Corporation, supra, was a second trial of an action for damages for personal injuries sustained by plaintiff in defendant's theater. The testimony of defendant's witness given at the first trial was offered on the second trial when he was not present in the courtroom. State v. O'Brien, 81 Iowa 88, 46 N.W. 752, was decided October 1890 and State v. Fitzgerald, 63 Iowa 268, 19 N.W. 202, in April 1884, both before enactment of what is now section 622.97. In State v. Drosos, 253 Iowa 1152, 114 N.W.2d 526, a State's witness was asked whether he had heard a statement alleged to have been made by defendant at preliminary hearing. There was no attempt to introduce a transcript.

II. Defendant's remaining assignment asserts error in the court's failure to grant a new trial based on a juror's affidavit they convicted defendant without having knowledge of the four elements of self defense.

The foreman's affidavit states in substance that after repeated search for an instruction on self defense containing the four required elements, the jury arrived at the guilty verdict on the theory defendant had not acted in self defense, since no juror could remember the required elements thereof.

"One unlawfully assailed has the same right of self defense in protecting his person from great bodily harm than he has in defending his life." 1 Warren on Homicide, section 138, citing State v. Petteys, 65 Kan. 625, 70 P. 588, 589.

To justify a claim of self defense (1) the one for whom the benefit may be claimed must not be the aggressor in provoking or continuing the combat that resulted in an assault upon his adversary; (2) he must retreat as far as reasonable and safe before making the assault, except in his home or place of business; (3) he must actually and honestly believe he is in imminent danger of death, great bodily harm, or some other felony, and that it is necessary to take the life of his assailant to save himself therefrom; and (4) he must have reasonable grounds for such belief. State v. Haffa, 246 Iowa 1275, 1289, 71 N.W.2d 35, 43, and citations. The first two elements were presented in jury instruction 15, the third in instruction 11 and the fourth in instructions 12, 13 and 14. Instruction 23 charged the jury "to consider and construe all of the instructions together and apply them as a whole to the evidence in the case."

Defendant did not object to the instructions given on self defense at trial because, as he states, "We had no objection and still have no objection to the instructions."

Defendant's contention under this assignment presents the question whether the foreman of the jury can impeach its own verdict by alleging it did not adequately consider the legally sufficient jury instructions on self defense.

Generally affidavits of jurors are not admissible to impeach the verdict, on motion for a new trial. " * * * We have frequently held it is not competent to show by statements of jurors what influenced the verdict. That is a matter of opinion which inheres in the verdict. Accordingly it may not be shown in such manner, to avoid the verdict, that a juror did not assent to it, *misunderstood the court's instructions* or the testimony, was unduly influenced by statements of fellow jurors, was mistaken in his calculations or judgment, or other matters resting alone in the juror's breast. These all inhere in the verdict." (Emphasis supplied). State v. Brown, 253 Iowa 658, 671, 113 N.W.2d 286, 294. See also State

v. Hill, 239 Iowa 675, 683–684, 32 N.W.2d 398, 402–403; State v. Register, 253 Iowa 495, 501, 112 N.W.2d 648, 651; State v. Stump, 254 Iowa 1181, 1203, 119 N.W.2d 210, 223; and Oakes v. Peter Pan Bakers, Inc., 258 Iowa 447, 457, 138 N.W.2d 93, 99–100, and citations in these opinions.

■  Defendant's second contention is without merit.  The case is

Affirmed.

All Justices concur.