## PATRICK J. KEARNS v. WILLIAM H. SIMPSON.

Argued February 21, 1912—Decided June 24, 1912.

Where a party to an action in the District Court fails to demand a jury at least one day prior to the return day of the summons, the fact that the case upon appeal has been reversed, does not entitle him to demand a jury upon the second trial, but relegates the parties to their former *status* upon a trial *de novo* before the District Court.

On appeal from the District Court of Orange.

Before Justices TRENCHARD, PARKER and MINTURN.

For the plaintiff, *William A. Lord.*

For the defendant, *Fort & Fort.*

The opinion of the court was delivered by

MINTURN, J. The defendant appeals from a judgment obtained against him in the Orange District Court by the plaintiff for the value of certain earth filling and field stone which the plaintiff delivered to defendant.

The defendant admitted the correctness of the item for field stone, and paid the amount due therefor into court.

Exception was taken to certain trial errors, but the gist of defendant's argument here was directed to an attack upon the trial court's refusal to grant a trial by jury.

Upon a previous trial, in the same court, the defendant had not demanded a jury trial, but went to trial before the court without a jury, and upon an appeal from the judgment then rendered secured a reversal upon the ground of the admission of illegal testimony. Prior to the second trial, defendant paid the fees and demanded a jury trial.

The statute regulating proceedings in the District Court is supplemented by chapter 253 of the laws of 1905 (*Pamph. L., p.* 493), which provides in substance that unless either party demand a jury trial, "at least one day before the return day of the summons," the court shall try the issue and give judgment. Upon the first trial no objection was entered to the court's trying the case, and no demand was made for a jury trial, and hence, upon the present trial, it was impossible for the defendant to comply with the provisions of the statute. He now attacks its constitutionality upon the ground, *inter alia,* that he is forced back after his success upon the former appeal, to try the case *de novo* before a court which previously had rendered judgment against him, and also because it is in derogation of paragraph 4, section 7, article 4 of the state constitution.

The first objection is met by the response that, as a rule, all reversals, whether of fact or of law, result in reframing the issue and sending it in its corrected form to the same court for retrial. Our jurisprudence is based upon that theory of judicial procedure which both experience and precedent have sanctioned as not unjust in its operation or illegal in principle.

The constitutionality of the act in question has been settled by this court in former adjudications, and we are not at liberty, therefore, upon this argument, even if so minded, to question them. *Phœnix Pottery Co.* v. *Perkins,* 50 *Vroom* 78; *Haythorn* v. *Van Keuren & Son, Id.* 101.

The same act was under consideration by this court in *Home Coupon Exchange Co.* v. *Goldfarb,* 49 *Vroom* 146, and

the judgment was sustained after a review of the requirement in question. The effect of the reversal of the former judgment therefore was to relegate the parties to their former *status* upon a trial *de novo* before the District Court, but such reversal did not confer any new rights upon them.

The disposition of this objection leaves for our consideration certain alleged trial errors. The plaintiff proved the sale and delivery of the dirt, and defendant denied the delivery in quantity as alleged. The court found as a fact that the dirt had been delivered, and there being ample evidence to sustain this finding, it is well settled we will not review it. The plaintiff testified that he saw the dirt delivered, but his testimony was in part at least shaken upon cross-examination, and defendant's counsel moved to strike it all out upon the ground of hearsay. Such an objection was too general, since, concededly, it was not all hearsay. Whether the plaintiff saw the actual delivery of the dirt is questionable. He testified that he did, and that he recorded it every night in his book, but there is enough in his testimony to warrant the finding of the court.

There is nothing in the objection that the court admitted in evidence an agreement in writing without the testimony of other witnesses than the plaintiff and his brother-in-law, who plaintiff testified saw defendant sign it. There was no evidence that the others were attesting witnesses, and, in any view of the question, the document was a mere statement, and plaintiff sufficiently proved it by testifying that defendant signed it in his presence.

The defendant also objected to the court's refusal to allow a witness to say whether the signatures on a check, which was shown to him, and the signature on an agreement, which was not shown to him, and which was not in evidence, were identical. This was clearly incompetent and properly rejected.

The refusal to nonsuit was proper, if for no other reason than that the defendant admitted the correctness of part of the plaintiff's demand; but, in any event, the question at issue was one of disputed fact, which the court properly ruled should be determined after hearing the entire case.

The amendment of the state of demand by the court upon the plaintiff's motion was also objected to, but this was concededly a matter within the discretion of the court, and it is not perceived that the amendment worked injury to the defendant.

The objection that the amount of the judgment cannot be computed from the testimony is without substance. The defendant paid what he admitted to be due into court, and the proper practice was to include that amount in the judgment, the purpose of paying money into court being to stay the running of interest thereon.

The objection otherwise extends to the weight of the evidence. It was entirely a question of fact under the testimony whether the payments alleged by defendant to have been made were, in fact, made, and the determination of the trial court upon that subject, there being sufficient evidence to support it, cannot be challenged here.

The judgment will be affirmed.