JOHN W. GAREY, PROSECUTOR, v. WILLIAM RIDDLE ET
AL., CITY COMMISSIONERS OF ATLANTIC CITY.

Submitted December 6, 1912—Decided April 4, 1913.

1. One holding the position of assistant health inspector of Atlantic
City, under no fixed term of employment, is, by the act of April
24th, 1911 (*Pamph. L.*, p. 444), protected from removal except
for good cause shown after a fair and impartial hearing, when it
appears that he is an exempt fireman of a volunteer fire depart-
ment of the city, and has held for seven years an exemption cer-
tificate issued to him as such exempt member of such volunteer
fire department, though it also appears that, at the time of his
dismissal, the city had "purchased and taken over the property
of such volunteer fire department."

2. When it appears by stipulation that the assistant health in-
spector of Atlantic City "held a certificate of an exempt fireman
of the volunteer fire department of Atlantic City, and held the
same for more than seven years prior to the date of his dis-
missal from his position," he will not be denied the benefit of
the act of April 24th, 1911 (*Pamph. L.*, p. 444), merely because
he failed to affirmatively show that the certificate had been re-
corded in the county clerk's office, even though the certificate
itself provided that it should be so recorded.

3. The act of April 24th, 1911 (*Pamph. L.*, p. 444), protecting
exempt firemen from removal from position or office except for
good cause shown after a fair and impartial hearing, is not in
conflict with article 4, section 7, paragraph 11 of the state con-
stitution, inhibiting the passage of special laws.

On *certiorari.*

Before Justices TRENCHARD, PARKER and MINTURN.

For the prosecutor, *Garrison & Voorhees.*

For the defendants, *Harry Wootton.*

The opinion of the court was delivered by

TRENCHARD, J.   The prosecutor of this writ, holding the
position of assistant health inspector in the city of Atlantic
City, was removed therefrom by resolution, without charges

presented or opportunity to be heard, and he now seeks to set aside such resolution upon the ground that he was protected against such removal by reason of being an exempt fireman.

It appears and is conceded that the prosecutor was properly appointed assistant health inspector in January, 1910; that no definite term of employment was fixed; that in 1912 Atlantic City adopted the act of April 25th, 1911 (*Pamph. L., p.* 462); that July 23d, 1912, the commissioners elected in pursuance of the act of 1911, adopted the resolution removing the prosecutor from his position without charges presented or opportunity to be heard.

Section 2 of the act of April 25th, 1911 (*Pamph. L., p.* 464), in providing that terms of offices shall cease, expressly saves officials or employes "now protected by any tenure of office act."

The act of April 24th, 1911 (*Pamph. L., p.* 444) provides, among other things, that "no person now holding a position or office" under the government of any city, "whose term of office is not now fixed by law," "who is an exempt fireman of any volunteer fire department" of any city, "holding an exemption certificate issued to him as such exempt member of any such volunteer fire department," "shall be removed from such position or office except for good cause shown after a fair and impartial hearing, but such exempt fireman shall hold his position or office during good behavior and shall not be removed for political reasons."

It appears in this case that the prosecutor was an exempt fireman of a volunteer fire department of Atlantic City, and held a certificate as such for more than seven years prior to the date of his dismissal from his position as assistant health inspector.

But it is first contended that the prosecutor is not entitled to the benefit of the act because of the fact that on March 1st, 1907, the city "purchased and took over the property of such volunteer fire department."

We think there is no merit in the contention. All that the act requires is that the prosecutor shall be an exempt fireman of any volunteer fire department holding an exemption certifi-

cate issued to him as such exempt member. Hence, he is entitled to the benefit of the act.

Notwithstanding the fact that the parties hereto by their counsel have expressly stipulated that the prosecutor *"held a certificate of an exempt fireman of the volunteer fire department of Atlantic City, and held the same for more than seven years prior to the date of his dismissal from his position,"* yet the defendants contend that he is not entitled to the benefit of the act because it does not affirmatively appear that his exemption certificate has been recorded in the county clerk's office.

We think there is no merit in this contention. The act does not require that the certificate should be recorded, and if we assume that it was not, it is, in view of the stipulation, immaterial for the purposes of this case, even though the certificate itself provided that it should be recorded.

It is next contended that the act of April 24th, 1911 (*Pamph. L., p.* 444) is in conflict with article 4, section 7, paragraph 11 of the state constitution inhibiting special laws.

But this court has hitherto decided that there is no substance in that contention. *McGrath* v. *Bayonne,* 54 *Vroom* 224.

It is to be remarked that the question whether, in view of section 3 of the act of April 24th, 1911 (*Pamph. L., p.* 444), the commissioners could have removed the prosecutor by abolishing the position which he held, if done in good faith and for the purpose of economy, does not call for decision in this case. It appears that the position held by the prosecutor was not abolished. On the contrary, another person was appointed to fill the position soon after the dismissal of the prosecutor.

The resolution under review, so far as it relates to the prosecutor, will be set aside, with costs.