JOHN O'MALLIE *vs.* HARLAN & HOLLINGSWORTH CORPORATION, a corporation of the State of Delaware.

JURY—SPECIAL JURY—TIME FOR APPLICATION—COURT RULE.

Court Rule 13, § 4, as amended, appendix, 3 *Boyce*, requiring applications for special juries to be made at or before the time the calendar is made, does not take away the statutory right to a special jury, but merely regulates its exercise and is within the power of the court to regulate its own procedure.

(*December* 2, 1916.)

PENNEWILL, C. J., and RICE J., sitting.

*William W. Knowles* and *Levin Irving Handy* for plaintiff.
*William S. Hilles* for defendant.

Superior Court, New Castle County, November Term, 1916.

Action by John O'Mallie against the Harlan & Hollingsworth Corporation. On application by defendant for a special jury. Application denied.

Application by Harlan & Hollingsworth Corporation for a special jury, after the second general jury for the term had been drawn.

Rule 13, § 4, as amended, appendix, 3 *Boyce*, provides: Applications for special juries shall be made at or before the time the calendar is made.

A calendar for the trial of this and other cases for the term by the general jury was made and published on the twenty-fourth day of November, no application having been made for a special jury.

On the second day of December, after the second jury was drawn, and three or four days before the case was calendared for trial, an application was made for a special jury. Defendant's counsel insisted that as the right to a special jury was given by statute it could not be taken away or abridged by a rule of court; that the rule was made when there was but one jury for the term and it should be either amended in view of the present law, or disregarded after a new jury is drawn, there being just as much reason for a special jury then as after the first jury is drawn.

Counsel for plaintiff opposed the motion, contending that under the rule of court the defendant's application is too late and cannot be granted. And they also contended that the court has the right, under its power to regulate its procedure and the trial of causes, to enforce such rule.

*Per Curiam:* We think the defendant's application should not be granted because it would require the court to either amend or disregard the rule referred to.

The rule of court is as follows: "Applications for special juries shall be made at or before the time the calendar is made."

The court has never favored applications for special juries, and particularly since the present jury law has been in force. Such applications were formerly very common, but now exceedingly rare. The right to a special jury is given by statute, and the rule of court does not seek to take away such right but expressly recognizes it. Its effect is to regulate the exercise of the right by requiring that applications for special juries shall be made before the cases are calendared for the term. The court has the undoubted right to regulate its own procedure, and therefore may fix the days on which cases shall be tried. The only way

to do this intelligently and effectively is to make a trial calendar early in the term. Such a calendar would obviously be ineffective and useless if it should be subject to disarrangement by the granting of applications for special juries after any panel is drawn. Neither the court, counsel or parties would be able to tell with certainty when cases would be tried or when the calendar would end. It would necessarily prolong the term, as well as entail hardship in many cases and impose additional expense upon the county and litigants.

The court is given large powers in the making of rules governing its procedure and we are of the opinion that the one in question is not only beneficial, but entirely consistent with the statute and other laws of the state.

Application refused.