(No. 33063.—

WENDELL D. Z. REESE, Appellee, *vs.* MARGARET LAYMON, Appellant.

*Opinion filed March 17, 1954—Rehearing denied May 19, 1954.*

HENRY I. GREEN, ORIS BARTH, DARIUS E. PHEBUS, and HURSHAL C. TUMMELSON, all of Urbana, for appellant.

NORVAL D. HODGES, and H. F. SIMONSON, both of Champaign, for appellee.

Mr. JUSTICE BRISTOW delivered the opinion of the court:

Defendant, Margart Laymon, is appealing from a judgment entered by the circuit court of Champaign County awarding damages in the amount of $5000 to plaintiff for personal injuries sustained in a collision between defendant's automobile and plaintiff's motorcycle. The direct appeal to this court is predicated on the ground that defendant's constitutional right to a trial by jury has been infringed by the operation of section 64 of the Civil Practice Act. Ill. Rev. Stat. 1953, chap. 110, par. 188.

The cause presents the issues of whether section 64 of the Civil Practice Act, when construed to preclude a jury trial where the demand for it is made for the first time after the cause has been remanded for a new trial, violates section 5 of article II of the Illinois constitution, and whether the findings of the trial court are properly supported by the evidence.

From the record it appears that in the original trial of this cause neither party demanded a jury, and the circuit court of Champaign County, after a full hearing, entered

judgment for defendant. On appeal therefrom the Appellate Court reversed and remanded the cause on the ground that the trial court erred in finding plaintiff contributorily negligent. After the cause was reassigned for trial, defendant moved for a jury trial, and the circuit court denied the motion on the ground that it was barred by section 64 of the Civil Practice Act.

The evidence adduced before the court at the second trial was substantially the same as that presented at the first trial. At about noon on December 3, 1949, a dry, clear day, plaintiff, Wendell Reese, a minor, 19 years of age, was driving his motorcycle in a northerly direction on Prospect Avenue in the city of Champaign. This street, which runs north and south, intersects with University Avenue, which runs east and west. Defendant was driving her car in a southerly direction on Prospect Avenue, and made a left turn at the intersection onto University Avenue. In the course of that turn, her vehicle collided in the northeast corner of the intersection with plaintiff's motorcycle as he was proceeding straight ahead northward on Prospect Avenue across the intersection.

The evidence further reveals that as defendant approached that intersection from the north, she saw three girls, including her daughter, standing across the street on the southwest corner of Prospect and University Avenue, and sounded the horn in recognition. She slowed down to wait for a car which was approaching from the opposite direction to make a left turn west on University Avenue. Although she testified that she looked beyond this car, she did not see plaintiff, who was driving his motorcycle just behind that car, until an instant before the impact. She testified that when she saw him he had reached the intersection, and she "didn't have time to do anything before he hit."

It appears that plaintiff was operating his motorcycle behind the car that turned left onto University Avenue,

and was in his proper traffic lane proceeding at a speed of 20 miles per hour, according to the testimony of several witnesses. Only the witness Nola Ebert, who was one of the girls with defendant's daughter, and under 15 years of age at the date of the collision, testified at the second trial that she recollected for the first time that plaintiff was driving at 35 miles per hour. The trial court, who heard and saw the witnesses, in his oral opinion expressed doubts concerning her credibility.

Plaintiff had his eyes focused straight ahead, and did not see the three girls on the southwest corner, nor the car driven by the witness Mathews, which was approaching the intersection from the east on University Avenue. Plaintiff had entered the intersection some 5 or 10 feet when defendant turned left in front of him with her car. He applied his brakes, but could not stop before the impact, which occurred in the northeast portion of the intersection.

The witness Hewardine, who was driving approximately 150 feet behind plaintiff in the same direction, also testified that plaintiff was already in the intersection when defendant made the turn in front of plaintiff and he collided with the right side of defendant's automobile.

As a result of the collision, plaintiff was in a coma until the following afternoon, and had to remain in the hospital for some 21 days, followed by a prolonged convalescence until about the middle of April 1950, when he was able to do some light work.

The foregoing evidence was analyzed by the trial court, and judgment was entered for plaintiff in the amount of $5000.

The propriety of that judgment may be determined by this court on a direct appeal since the constitutionality of a statute is in issue. (Ill. Rev. Stat. 1953, chap. 110, par. 199.) Defendant has contended that section 64 of the Civil Practice Act, as construed by the trial court to deny a jury trial when the demand therefor is made for the first

time after the cause is remanded, violates section 5 of article II of the Illinois constitution. That constitutional provision states: "The right of trial by jury as heretofore enjoyed, shall remain inviolate; * * *." Although this constitutional right has been included in each of the several Illinois constitutions, none of them have defined the right of trial by jury. As construed by the courts, the provision means the right of trial by jury as it existed at common law, and as enjoyed at the adoption of the respective constitutions. (*George* v. *People,* 167 Ill. 447; *People* v. *Bruner,* 343 Ill. 146.) However, this provision of the constitution does not mean that a jury trial shall be had in each and every case (*Stephens* v. *Kasten,* 383 Ill. 127, 132,) nor does it preclude any and all restrictions on the exercise of the right. On the contrary, this court has upheld the legislative power to regulate trials by jury, and in *Morrison Hotel and Restaurant Co.* v. *Kirsner,* 245 Ill. 431, a provision of the Municipal Court Act requiring a party at the time of entering his appearance to file with the clerk a demand in writing for a jury, and to pay a $6 jury fee, was sustained.

Prior to the adoption of the present Civil Practice Act, section 60 of the Practice Act of 1907 provided that "In all cases in any court of record in this State if both parties shall agree, both matters of law and fact may be tried by the court." (Smith-Hurd Stat. 1933, chap. 110, par. 60.) This rule of practice was based on the theory that a jury trial would be had unless waived expressly or impliedly by going to trial before the court alone. (*Juvinall* v. *Jamesburg Drainage Dist.* 204 Ill. 106.) Consequently, it was held under this practice that a waiver of a jury does not extend to the second trial where the cause is remanded, for both parties are then restored to their original right to a jury trial. (*Osgood* v. *Skinner,* 186 Ill. 491.) That decision was clearly in accordance with the terms and tenor of section 60.

Defendant, however, contends that this decision is determinative of her rights in this cause, and urges that any contrary construction of the subsequently enacted section 64 of the Civil Practice Act would offend the constitutional guarantee of trial by jury.

We cannot agree with this rationale. The decision in *Osgood* v. *Skinner* did not involve, or purport to interpret any constitutional principle, but merely determined the proper rule of practice with reference to waiver of juries under the Practice Act of 1907. Hence, the decision is not controlling herein in determining the constitutionality of section 64 of the Civil Practice Act of 1933, which imposes regulations as to what must be done to evidence the litigant's desire for a jury trial.

Section 64 of the Civil Practice Act provides: "(1) A plaintiff desirous of a trial by jury shall make his demand for a jury in writing and shall file such demand with the clerk at the time suit is commenced, and a defendant desirous of a trial by jury shall make such demand and file the same at the time of filing his appearance; otherwise such party shall be deemed to have waived a jury."

The first sentence of the first paragraph, requiring an affirmative demand in order to obtain a jury trial proceeds on the opposite assumption from the former section 60 of the Practice Act of 1907, whereby the parties had to take affirmative action to have matters of fact tried by the court alone. Ill. Rev. Stat. Ann., Historical Note to sec. 64, chap. 110, par. 188.

These time requirements for demanding a jury under section 64 were held to be reasonable, and not in violation of the constitutional right of trial by jury. (*Stephens* v. *Kasten*, 383 Ill. 127; *Roszell* v. *Gniadek*, 348 Ill. App. 341.) In *Roszell* v. *Gniadek*, which followed the precedent of the *Kasten case*, the court stated with reference to section 64: "This provision is not intended to impose a burden on a person, or to create a condition precedent of the enjoyment

of a constitutional privilege, but merely establishes an orderly method for a party to a law suit to inform the court of his desire to have his case tried by a jury as is his right."

Defendant argues, however, that the *Kasten case* only determined that the time requirements of section 64 were constitutional when applied to the original trial, but not to a remanded cause, and that a party may be willing to have factual issues tried by one judge, but not by another to whom the cause is remanded; hence, a demand for a jury should be allowed where made for the first time after a cause is remanded, even though no such demand was originally made.

It is established that a decision sustaining the constitutionality of a statute does not preclude a court from subsequently declaring it unconstitutional where it is assailed upon other grounds. (*Grasse* v. *Dealer's Transport Co.* 412 Ill. 179.) However, defendant's argument does not present such other or different grounds, and was in effect rejected by the rationale of the court in the *Kasten case.* The court therein not only held that a decision to have a jury trial must be made at the moment the cause is commenced, and that such a requirement was constitutional, but further stated that the constitutional right to a jury trial under section 5 of article II of the Illinois constitution does not mean that a party has the right to wait until the issues are determined, much less until the cause is assigned, before deciding whether to demand a jury. With reference thereto the court stated: "The appellants contend that there should be no requirement to file a demand for a jury until issues are made up by the filing of an answer, and impliedly admit that such a regulation could validly be made. If a regulation is valid which provides that a jury demand must be filed by the defendant upon filing an answer or joining issue, then most certainly a regulation providing that a jury demand be filed upon filing appearance

is likewise valid. The difference is only in degree of time. Of necessity, the need for a systematic order of procedure requires that there be regulation of the time when the right to a jury trial be requested. The appellants' first objection therefore, that section 64 of the Civil Practice Act is unconstitutional is not tenable."

In the instant case, when the cause was remanded its status was not as though the case had not yet been commenced, but only as though no trial had been held, with a complaint and an answer on file, but no jury demand made by either party. Under the determination in the *Kasten case,* if this were an original trial the parties would be deemed to have waived a jury under the terms of section 64 of the Civil Practice Act, and such waiver would not infringe any constitutional rights. Consequently, if there is no such constitutional right to demand a jury under these circumstances at the original trial, there is no reason to grant greater rights on the retrial of a cause after it has been remanded. The court cannot by judicial construction change the plain and unambiguous language of the statute by extending the time for filing the demand for jury trial. *Standard Oil Co.* v. *Patterson,* 300 Ill. App. 385.

Although not determinative herein, it may be noted that the courts of other jurisdictions, where the state constitutions incorporate similar guarantees for jury trial, have construed provisions of practice acts relating to the time requirements for demanding a jury trial to bar jury demands made for the first time after the cause is remanded. Const. of New Jersey, art. I, par. 7; *Haythorn* v. *Van Keuren & Son,* 74 Atl. 502; *Kearns* v. *Simpson,* 83 Atl. 774; Const. of Alabama, art. I, sec. 12; *Brock* v. *Louisville and Nashville Railroad Co.* 26 So. 335.

Defendant urges further in support of her contention that the court erred in denying a jury trial that the courts in the *Kasten case* and in *Roszell* v. *Gniadek,* actually did authorize a jury trial even though not demanded in accord-

ance with section 64. In the *Kasten case* the demand for a jury trial was predicated both on the unconstitutionality of section 64, which ground the court rejected, and upon the ground that there was "good cause" for the delay in demanding the jury within the terms of section 59 of the Civil Practice Act. (Ill. Rev. Stat. 1953, chap. 110, par. 183.

The relevant portion of section 59 provides: "Additional time may be granted on good cause shown, in the discretion of the court and on such terms as may be just, for the doing of any act or the taking of any step or proceeding prior to judgment in any civil action." This provision is supplemented by paragraph (5) of Supreme Court Rule 8. Ill. Rev. Stat. 1953, chap. 110, par. 259.8.

In the *Kasten case,* the delay in making the jury demand was allegedly due to an oversight resulting from certain changes of counsel, and was held to constitute good cause under section 59; and in the *Roszell case,* the delay was explained on the basis of inadvertence and mistake, which reasons the court deemed "slight to be sure" but sufficient, where the trial court granted the motion under section 59.

In the instant case there is no allegation that the delay was occasioned for "good cause" under the terms of section 59. The demand for a jury trial is predicated entirely upon the theory that it was made in proper time, and that section 64, if applied to bar a jury under the circumstances herein, is unconstitutional. We have found that contention to be contrary to law, and therefore, in the absence of any other grounds, the defendant's demand for a jury trial was properly denied by the circuit court.

With reference to the findings of the circuit court that plaintiff was entitled to judgment in the amount of $5000, it is incumbent upon this court to determine whether that judgment is supported by the evidence, inasmuch as this is a direct appeal from the trial court. *Anderson* v. *Board*

*of Education,* 390 Ill. 412; *Streeter* v. *Humrichouse,* 357 Ill. 234.

As hereinbefore noted, the collision occurred as defendant was endeavoring to make a left turn at an intersection, and, therefore, under the Uniform Traffic Act, defendant was under a duty to yield the right of way to any vehicle approaching from the opposite direction which is within the intersection or so close thereto as to constitute a hazard. (Ill. Rev. Stat. 1953, chap. 95½, par. 166.) Defendant was also under a duty to drive in the lane nearest to the center line of Prospect Avenue, and to make the left turn so as to leave the intersection to the right of the center line of University Avenue. Ill. Rev. Stat. 1953, chap. 95½, par. 159(b).

Both plaintiff and the witness Hewerdine testified that after plaintiff, who was driving his motorcycle straight ahead in a northerly direction on Prospect Avenue, had entered the intersection some 5 or 10 feet, defendant, approaching from the opposite direction, drove her car in front of plaintiff to make a left turn onto University Avenue.

This interpretation of the collision is corroborated by the physical circumstances. The fact that the impact occurred in the northeast quarter of the intersection indicated that plaintiff had already proceeded part way across the intersection when defendant turned, and also that defendant was preparing to leave the intersection while she was still to the left of the center line of University Avenue, in violation of the statutory requirement for making a left turn.

Even if defendant's interpretation of the collision were adopted, it would appear that plaintiff was sufficiently close to the intersection to constitute a hazard under the terms of the statute at the time defendant made the left turn, for defendant herself admitted that when she first saw the boy he was approximately to the intersection, and that

the impact happened so quickly there was not time to do anything. In trying to find a reason for not seeing the boy until he was so close, defendant conjectured that it might have been because his neutral gray suit and blue motorcycle blended with the grey pavement. However, it is more likely that defendant's attention had been concentrated upon the car in front of plaintiff, which had pulled to the center of Prospect Avenue to make a left turn onto University Avenue.

Under the foregoing circumstances defendant had a duty to yield the right of way to plaintiff, and to use reasonable care to avoid hitting him. (Ill. Rev. Stat. 1953, chap. 95½, par. 166; *Fahrlander* v. *Mack,* 341 Ill. App. 665; *Harrison* v. *Bingheim,* 350 Ill. 269.) Defendant's failure to do so constituted negligence which proximately caused plaintiff's injuries.

Defendant maintains, however, that plaintiff is precluded from recovering any damages on the ground that he was contributorily negligent. It is uncontroverted that plaintiff was driving his motorcycle in his proper lane, and was proceeding at the reasonable speed of about 20 miles per hour according to the testimony of practically all of the witnesses.

Under the foregoing facts and circumstances, the record is devoid of any evidence of plaintiff's contributory negligence which could bar his recovery herein. The circuit court, as the trier of fact in this cause, heard the evidence and saw the witnesses, and its findings for plaintiff should not be disturbed by a reviewing court unless manifestly against the weight of the evidence. On the basis of our analysis, therefore, the judgment of that court should properly be affirmed.

*Judgment affirmed.*