74 N.W.2d 574 (1956)
RUBIN BROTHERS BUTTER & EGG CO., Inc., Appellee,
v.
A. J. LARSON d/b/a Larson Hatchery, Appellant.
No. 48844.
Supreme Court of Iowa.
February 7, 1956.
C. F. Neylan, Elkader, for appellant.
Hart & Hart, Elkader, for appellee.
OLIVER, Justice.
Defendant Larson made a shipment of eggs from Iowa to plaintiff in New York, with sight draft attached to the bill of lading. Plaintiff paid the sight draft. Later it brought this action at law to recover the amount paid for the eggs, alleging they had been destroyed en route and also that the carrier had paid defendant therefor. Defendant pleaded a general denial and a counterclaim. Trial to the court resulted in judgment for plaintiff. Upon appeal by defendant the judgment was reversed for errors in the admission of evidence and the cause was remanded for retrial. Rubin Bros. Butter & Egg Co. v. Larson, 245 Iowa 741, 63 N.W.2d 908. The second trial, also to the court, resulted in judgment for plaintiff for $772.05, plus interest, and this appeal by defendant.
I. An order overruling appellant's demand for a jury trial in the first trial was assigned as error in the first *575 appeal. This court held the demand was made too late and its denial was not an abuse of discretion. Rubin Bros. Butter & Egg Co. v. Larson, 245 Iowa 741, 742, 743, 744, 63 N.W.2d 908, 909. About seven months after the case was remanded for retrial, appellant again filed written demand for a jury trial. Error is predicated upon the order overruling this demand. The law as determined in the first appeal is, of course, here applicable. However, appellant contends the right to a jury in each trial was a separate right and his original failure to avail himself of that right, by making timely demand, was applicable to the first trial only.
The language of the Rules of Civil Procedure affords no basis for this contention. R.C.P. 177, 58 I.C.A., provides in part: "(a) Jury trial is waived if not demanded according to this rule; * * *
"(b) A party desiring jury trial of an issue must file a written demand therefor, either by indorsement on his pleading, or within ten days after the last pleading directed to that issue."
R.C.P. 178 provides all issues shall be tried to the court except those for which a jury is demanded. The time limit for such demand is ten days after the last pleading directed to the issue for which a jury trial is demanded.
Here the issues in the second trial were the same as in the first and the time within which a jury trial could be properly demanded had expired prior to the first trial. There is no provision in the Rules of Civil Procedure that the reversal of a case reopens the right to demand a jury trial. Nor do such rules provide for any measurement of time within which such demand may be made, other than as above stated in subsection (b). It is clear appellant failed to exercise his right to a jury trial by taking the affirmative action required by R.C.P. 177. His contention could be sustained only by reading into the Rules of Civil Procedure provisions not expressed therein and apparently not within the contemplation of such rules.
In Nedrow v. Michigan-Wisconsin Pipe Line Co., 246 Iowa ___, 70 N.W.2d 843, 844, cited by appellant, there was a timely demand for a jury trial. However, at the start of the first trial in that case, the parties stipulated that it be tried before a certain judge and without a jury. With reference to the second trial after remand the decision points out: "Thus the status of this case is as it was just before the commencement of the first trial and before the stipulation was made." In the case at bar the trial court likewise held, in effect, the status of the case, with reference to trial by the court, had not been changed by the appeal and remand.
However, the Nedrow decision is not in point because in Nedrow the original timely demand removed any question of waiver under R.C.P. 177.
Appellant cites authorities holding the waiver of a jury on one trial does not affect the rights of a party to demand a jury on a second trial. See annotation in 106 A.L.R. 205; 31 Am.Jur., Jury, section 48; 50 C.J.S., Juries, § 111 a (2). However, that doctrine is not applicable in cases involving statutes or rules of procedure similar to those above set out, when the right to a jury trial has been waived by the failure to exercise it within the time required.
Illustrative of this is Reese v. Laymon, 1954, 2 Ill.2d 614, 119 N.E.2d 271, 273, 275, a personal injury case. Under the former Illinois Practice Act of 1907, trial was to a jury, unless waived by both parties expressly or impliedly by going to trial before the court alone. "Consequently, it was held under this (former) practice that a waiver of a jury does not extend to the second trial where the cause is remanded, for both parties are then restored to their original right to a jury trial." However, the Reese case was governed by the later Illinois Practice Act of 1933 which required that demands for jury trial be filed at certain times. No such demand was filed and the case was tried to the court, appealed and remanded. Holding the demand then *576 made for a jury trial was properly denied the court stated: "* * * when the cause was remanded its status was not as though the case had not yet been commenced, but only as though no trial had been held, with a complaint and an answer on file, but no jury demand made by either party. * * The court cannot by judicial construction change the plain and unambiguous language of the statute by extending the time for filing the demand for jury trial."
Roth v. Hyer, 5 Cir., 1944, 142 F.2d 227, 228, certiorari denied 323 U.S. 712, 65 S.Ct. 38, 89 L.Ed. 573, states:
"* * * By Rule 38(b) and (d) the right of jury trial of an issue is waived unless a demand for it is made not later than ten days after the service of the last pleading directed to such issue. We do not think the right to make a demand is revived by the reversal of a case for a new trial, nor by a belated amendment of pleadings touching the same general issue."
In determining the effect of similar statutory provisions Brock v. Louisville & N. R. Co., 122 Ala. 172, 26 So. 335, 337, states:
"* * * The statute deals with cases, not trials. We feel constrained to reaffirm our former holding, that when a jury is once waived under the statute, it is forever waived."
Some other like decisions are: Haythorn v. Van Keuren & Son, 79 N.J.L. 101, 74 A. 502; Kearns v. Simpson, 83 N.J.L. 221, 83 A. 774; Moore v. United States, 5 Cir., 196 F.2d 906, 908.
We hold appellant's demand for a jury trial was made too late to entitle him to such trial as a matter of right.
II. An officer of appellee company who testified at the first trial was not present at the second trial. Error is assigned to orders of the court overruling appellant's objections to the admission in evidence of the transcript of the evidence of this witness. No error appears here. Under section 622.97, Code of Iowa, 1954, I.C.A., this evidence was admissible on the retrial of the case. J. L. Owens Co. v. Leland Farmers' Elevator Co., 198 Iowa 271, 198 N.W. 19. As therein stated, although the statute provides the transcript shall have the same force and effect as a deposition, it is not a deposition and various provisions governing the taking of depositions are not applicable to it. Nor do the provisions of the Rules of Civil Procedure relative to interrogatories have any bearing here.
III. It is contended the court erred in sustaining appellee's motion to dismiss appellant's counterclaim, inasmuch as there was some evidence in support of the counterclaim. Although there was a statement in the preliminary part of the findings that the motion to dismiss the counterclaim was sustained, the evidence relating to the several items of appellant's counterclaim was thereafter considered in detail in the findings of fact and found insufficient to establish any such items. As therein stated: "It is therefore the finding of the court that defendant has not established any part of his counterclaim." The judgment was upon the merits and the statement that the motion to dismiss the counterclaim was sustained, appears to have been due to oversight on the part of the court. It did not constitute reversible error.
IV. Appellant contends the evidence was insufficient to support the findings of the court that appellee had established its claim and that appellant had not established any part of his counterclaim. The record does not show any such contention was made in the trial court. Moreover, it does show, without serious question, that appellee never received the eggs for which it paid appellant and that appellant was again paid for the same shipment by the carrier. The record indicates that as a witness, appellant was less than frank, and his records were unreliable. It amply supports the finding that no part of defendant's counterclaim was established.
Affirmed.
All Justices concur.