CAROLYN SCHNURER, INC., *ET AL.*, PLAINTIFFS-APPELLANTS, v. MILTON STEIN, *ET AL.*, DEFENDANTS-RESPONDENTS.
[Docket No. L–8218–54]

LOUIS LEVINE, PLAINTIFF, v. MILTON STEIN, *ET AL.*, DEFENDANTS-RESPONDENTS.
[Docket No. L–9807–54]

Superior Court of New Jersey
Appellate Division

Argued October 27, 1958—Decided November 5, 1958.

Before Judges GOLDMANN, CONFORD and HANEMAN.

*Mr. Bernard Shurkin* argued the cause for appellants.

*Mr. Jerome S. Lieb* argued the cause for respondents (*Messrs. Harkavy and Lieb,* attorneys for respondents Max Bernstein and Best Realty Co.; *Mr. George P. Moser,* attorney for respondents Milton Stein and Isidore Stein).

The opinion of the court was delivered by

GOLDMANN, S. J. A. D. Plaintiffs appeal from an order denying their application for a jury trial on the retrial of their property damage action. The basis of the denial was a stipulation contained in the original pretrial order whereby all parties consented that the matters be tried before the court sitting without a jury.

Plaintiffs instituted their action on May 28, 1955. The pretrial conference on March 21, 1956 resulted in an order reciting that "All parties have consented that this matter be tried before the court alone, and without a jury." At the subsequent trial the judge granted defendants' motion for involuntary dismissal at the close of plaintiffs' case. On appeal this court reversed and ordered a new trial. The Supreme Court denied certification.

There was a new pretrial conference on April 7, 1958, defendants appearing through new counsel. Pursuant to leave granted by the pretrial order, plaintiffs made formal application for a retrial by jury. The Law Division judge denied the application "by reason of the stipulation waiving trial by jury for the first trial." We granted leave to appeal.

At the time this action was instituted on May 28, 1955 plaintiffs were entitled to a jury trial as of right. *N. J. Const. of* 1947, *Art.* I, *par.* 9. Under our original rules of court, they could waive that right either by written stipulation filed with the court or by oral stipulation made in open court and entered in the ·record. *Rule* 3:38–1, which became *R. R.* 4:39–1 when the rules were revised on September 9, 1953.

On June 27, 1955 the Supreme Court amended *R. R.* 4:39 relating to jury trials by providing that any party can demand a trial by jury of any issue triable as of right by a jury, by serving written demand upon the other parties at any time after the commencement of the action and not later than ten days after service of the last pleading directed to such an issue. *R. R.* 4:39–1, as amended. Failure to serve such a demand constitutes a waiver of trial by jury. *R. R.* 4:39–3. By special order of July 18, 1955, the Supreme Court provided that *R. R.* 4:39, as amended with respect to demand for a jury trial, not be effective in cases where the complaint was filed prior to September 7, 1955. Accordingly, the rule provisions relating to jury demand and waiver do not apply to the instant action. We must therefore resolve the issue raised on this appeal in the light of the preexisting rule and policy relating to plaintiffs' right to a jury trial unless expressly waived.

The issue here, succinctly stated, is whether a consent to a trial without jury in an action instituted in May 1955 continues to bind plaintiffs upon a retrial of their action after the judgment on the first trial has been reversed on appeal. Defendants insist that it does, claiming that trial by jury herein was waived not merely for the first trial, but for all steps taken in the litigation up to final judgment,

including subsequent trials. They cite *Kearns v. Simpson,* 83 *N. J. L.* 221 (*Sup. Ct.* 1912), affirmed 84 *N. J. L.* 415 (*E. & A.* 1913); *Lerner v. McDermott,* 11 *N. J. Misc.* 99 (*Sup. Ct.* 1933); and *Friedman v. Steinhauser,* 13 *N. J. Misc.* 601 (*Sup. Ct.* 1935), in support. Each of these cases arose in the district court under an act relating to that court and requiring that a jury be demanded at least one day before the return day of the summons—later changed to provide that demand be made two days before the time fixed for trial. It was held that failure to make timely demand for a jury before the first trial amounted to waiver of trial by jury not merely for that trial, but for all steps taken in the litigation up to final judgment, including subsequent trials, if any. The court in *Lerner* observed that to hold otherwise "would give a party a chance to speculate, first with the judge, and having lost there and obtained a new trial for legal error * * * then to have a chance to get a different result from a jury on the factual phase of the case." We do not agree with that rationale; one may not fairly characterize a party's waiver of a jury at the first trial as a speculation. Ordinarily, a party does not contemplate there will be a reversal of judgment on appeal, followed by a second trial. There would appear to have been nothing contrary to the public policy implicit in the former rule in permitting one who initially waived a jury trial to be guided by his judgment as to what happened at the first trial in deciding whether or not to exercise his right to a jury at the retrial.

The *Kearns, Lerner* and *Friedman* cases, moreover, having been decided under a statutory provision akin to our present rule, obviously have no application to a situation controlled by the predecessor rule.

■ Absent a statute or rule like our present *R. R.* 4:39, the weight of authority is clearly against defendants' contention. The general rule is that waiver of a jury at the first trial does not affect the right of either of the parties to demand a jury on the second trial. 31 *Am. Jur., Jury,* § 45, *p.* 49 (1940); 50 *C. J. S. Juries* § 111*a*(2), *p.* 824

(1947); Annotation, 106 *A. L. R.* 205 (1937). Federal cases like *Roth v. Hyer,* 142 *F. 2d* 227 (5 *Cir.* 1944), *certiorari* denied 323 *U. S.* 712, 65 *S. Ct.* 38, 89 *L. Ed.* 573 (1944), and *Hazelrigg v. American Fidelity & Casualty Co.,* 241 *F. 2d* 871 (10 *Cir.* 1957), cited by defendants are not apposite, because they were determined under *Federal Rule of Civil Procedure* 38(*b*) and (*d*), from which our present rules, *R. R.* 4:39–1 and 3 were drawn. See 5 *Moore's Federal Practice* (*2d ed.* 1951), § 38.44, *p.* 342, where the author points out that in actions at law prior to the *Federal Rules of Civil Procedure,* a waiver of jury trial did not apply to the second or subsequent trials, but under *Federal Rule* 38 the converse is the practice. Nor is *Franklin Discount Co. v. Ford,* 27 *N. J.* 473 (1958), authority for defendants' position. The Supreme Court expressly pointed out that certain authorities cited by it dealt with *procedural* waivers of the constitutional right to trial by jury, whereas in *Franklin Discount* it was concerned with plaintiff's correlative right to a non-jury trial arising from a *contractual* waiver by the defendants.

Illustrative of the different results reached under a rule like that which existed in this jurisdiction before September 7, 1955 and the present rule is *Reese v. Laymon,* 2 *Ill. 2d* 614, 119 *N. E. 2d* 271 (*Sup. Ct.* 1954), commented upon in *Rubin Bros. Butter & Egg Co. v. Larson,* 247 *Iowa* 541, 74 *N. W. 2d* 574 (*Sup. Ct.* 1956). Under the former Illinois Practice Act of 1907, trial was to a jury, unless waived by both parties expressly or impliedly by going to trial before the court alone. Under that practice, said the Illinois Supreme Court, waiver of a jury did not extend to the second trial upon remand, "for both parties are then restored to their original right to a jury trial." However, the later Illinois Practice Act of 1933, *Ill. Rev. Stat.* 1957, *c.* 110, § 64, required that demand for a jury trial be filed at a certain time. No such demand was filed and the case was tried to the court, appealed and remanded. Holding that the demand then made for a jury trial was properly denied, the court stated that "When the cause was remanded its

status was not as though the case had not yet been commenced, but only as though no trial had been held, with a complaint and an answer on file, but no jury demand made by either party. \* \* \* The court cannot by judicial construction change the plain and unambiguous language of the statute by extending the time for filing the demand for jury trial."

The right of trial by jury is highly favored. *R. R.* 4:39, before its amendment effective September 7, 1955, reflected a policy of strict protection of that right. The amendment called for loss of the right to have a jury trial unless timely written demand was made. We therefore conclude that if there be any reasonable doubt as to the result contemplated by the parties and the trial court to flow from the original waiver, that doubt should be resolved in favor of preserving the constitutional right of trial by jury under the rule as it previously stood.

The waiver in the present case was incorporated in the pretrial order. *R. R.* 4:29-1(14) permits the inclusion in the pretrial order of "Any other matters which have been agreed upon in order to expedite the disposition of the matter."

*R. R.* 4:29-7 calls for the scheduling of a pretrial conference in every case where a new trial is directed, whether by the trial court or by mandate of an appellate court. This would logically seem to terminate the effectiveness of the initial pretrial order, with the result that the stipulation for waiver of jury trial lost its force and effect along with the other provisions of the pretrial order. In the course of its opinion in the *Franklin Discount* case, above, the Supreme Court remarked:

"Where a new trial has been granted 'the case stands as if there had never been a trial; the court has the same power with reference to matters connected with the trial of the case as it had before the first trial was had, and it is the duty of the court to proceed as in the first instance. The new trial is had as if there had never been a previous one.'"

Citing *Kimble v. Degenring,* 116 *N. J. L.* 602, 603–604 (*Sup. Ct.* 1936), and referring to *R. R.* 4:39–1.

Defendants claim that the original waiver amounted to a contract between the parties which plaintiffs should not be permitted to breach unilaterally. We disagree. The theory is obviously advanced in order to bring this case within the *Franklin Discount* decision. There is nothing to show that the parties in fact bargained for each other's waiver of jury trial, nor may we indulge in such presumption. It is more logical to assume that each party entered into the stipulation for waiver on the basis of his conception as to whether his own best interests at the first trial would be served thereby.

The present case is probably unique. It is unlikely that another one presenting precisely the instant situation of an action instituted prior to the change in the rule, with waiver of jury at the first trial, reversal, and remand for a new trial, will arise in the future.

The order denying plaintiffs' motion for retrial by jury is reversed.