DONALD K. SHARPE, Plaintiff, v. ALEXANDER THOMSON, Defendant.

[ED. NOTE.—See publication *Words and Phrases,* for other judicial constructions and definitions of "Made."]

(*December* 30, 1958.)

STIFTEL, J., sitting.

*Clement C. Wood* (of Allmond and Wood) for plaintiff.

*William Prickett* (of Prickett and Prickett) for defendant.

Superior Court for New Castle County, No. 1098, Civil Action, 1957.

STIFTEL, J.:

On December 1, 1958, the defendant answered the call of the trial list in the Superior Court by calling "trial" when the above named case was reached.

On December 15, 1958, defendant moved that the case be tried by a special jury. The plaintiff objected on the ground the

request was not timely as is required by Superior Court Rule 40(b), *Del. C. Ann.* This Rule provides:

"Applications for special juries shall be made at or before the time the trial calendar is made. * * *"

It is my opinion that the "trial calendar" is made, in compliance with Superior Court Rule 40(b), immediately upon the call of the list of cases known as the "trial list" and the response of counsel thereto. At the time the trial list is called, a litigant must request that a case be tried by a special jury. This is required because the Court can not intelligently publish the trial schedules unless it knows at the time the list is called which cases are to be non-jury, which cases are to be tried by general jury, and which are to be tried by special jury. It is not likely that a case set for trial by a special jury would be heard during the time that the general jury is hearing cases. The general jury panel is in Court only a certain number of weeks during the term, and no special jury case should be permitted to interfere with the scheduled general jury cases, and for this reason, the special jury cases are usually listed apart from the general jury cases. For example, the Court would not permit a two-week special jury case to be tried during the time set for the meeting of the general jury and would therefore schedule it at a time other than when the general jury meets. The Court, in order to properly prepare its agenda of work, should therefore know at the call of the trial list whether the case is one for the general jury panel or a special jury panel.

The Court will not consider an application for a special jury in the absence of special circumstances after the date the trial list has been called and a determination made as to what cases will be and will not be tried at the term. The defendant has not demonstrated any special circumstances for which this Court should exercise its discretion in his favor. Defendant's application for a special jury is therefore denied.