ROBELEN PIANO COMPANY, a corporation of the State of Delaware, Defendant Below, Appellant, v. MARIE DIFONZO and RALPH A. DIFONZO, her husband, Plaintiffs Below, Appellees.

(*June* 30, 1961.)

SOUTHERLAND, C. J., WOLCOTT, Justice, and SEITZ, Chancellor, sitting.

*Daniel L. Herrmann* and *John T. Gallagher* (of Herrmann, Bayard, Brill and Gallagher) for appellant.

*H. Albert Young* and *Bruce M. Stargatt* (of Morford, Young and Conaway) for appellees.

Supreme Court of the State of Delaware, No. 30, 1961.

SOUTHERLAND, C. J.:

This case was recently before us on appeal from a judgment on verdict of a jury in the Superior Court of New Castle County. We reversed the judgment and remanded the case for a new trial. 169 *A.* 2d 240.

Plaintiffs thereupon asked for trial at the June Term and defendant applied for a special jury. No such application had been made prior to the first trial. Plaintiffs opposed this application on the ground that it came too late. The court so ruled, and therefore refused the application.

Defendant appeals, and urges that the court's ruling is erroneous as a matter of law; or, at the least, an abuse of discretion if the matter was a discretionary one.

The questions before us concern the construction of the Superior Court Rules 38, 39, and 40, *Del. C. Ann.*, regulating jury trials.

These rules read in part as follows:

"Rule 38.  *Jury Trial of Right.*

"(a).  Right Preserved.  The right to trial by jury shall be as heretofore.

"(b)  Demand. Any party may demand a trial by jury as an issue triable of right by a jury by serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue. Such demand may be endorsed upon a pleading of the party.

"(bb). Demand for Jury on Pleadings: Where. Where a demand for a trial by jury is endorsed on a pleading, as provided in Rule 38(b) of these Rules, it shall be typed or written on the first page of the pleading, immediately following the caption of the case.

"(c). Same: Specification of Issues. In his demand a party may specify the issues which he wishes so tried; otherwise he shall be deemed to have demanded trial by jury for all the issues so triable. If he has demanded trial by jury for only some of the issues, any other party within 10 days after service of the demand or such lesser time as the court may order, may serve a demand for trial by jury of any other or all of the issues of fact in the action.

"(d). Waiver. The failure of a party to serve a demand as required by this rule and to file it as required by Rule 5(d) constitutes a waiver by him of trial by jury. A demand for trial by jury made as herein provided may not be withdrawn without the consent of the parties.

"Rule 39. *Trial by Jury or by the Court.*

"(a). By Jury. When trial by jury has been demanded as provided in Rule 38, the action shall be designated upon the docket as a jury action. The trial of all issues so demanded shall be by jury, unless (1) the parties or their attorneys of record, by written stipulation filed with the court or by oral stipulation made in open court and entered in the record, consent to trial by the court sitting without a jury or (2) the court upon motion or of its own initiative finds that a right of trial by jury of some or all of those issues does not exist.

"(b). By the Court. Issues not demanded for trial by jury as provided in Rule 38 shall be tried by the court; but, notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of

right, the court in its discretion upon motion may order a trial by a jury of any or all issues." * * *

"Rule 40. *Assignment of Cases for Trial;*

*Special Juries; Continuances.*

"(a). Trial List; Preparation; Classification of Cases; Chronological Listing. Previous to the opening of each term of Court, the Prothonotary under the direction of the Court shall prepare a trial list of all cases which are ready for trial or argument at least (10) days before the opening of said term. The cases on the trial list shall be arranged in four groups as follows: jury trials; non-jury trials; divorces; and arguments. The cases shall be arranged in each group in the order in which they become ready for trial or argument.

"(b). Special Juries. Application for special juries shall be made at or before the time the trial calendar is made. Parties who have applied for special juries may have their cases placed on the calendar of cases for trial by the general jury on timely application provided a panel of general jurors is attending the Court before which panel the case may be conveniently tried at that term and provided that the granting of such application will not unduly prejudice or inconvenience the opposing parties."

The holding below is that Rule 40(b) requires that an application for a special jury must be made not later than the *first* call of the trial list on which the case appears, or the right to demand a special jury is lost. Failure to apply at that time is thus held to be not only a waiver of the right for that term, but a permanent waiver. This ruling follows a prior decision (unreported) in *Tussey v. Lehman, July* 22, 1960.

We note first that Rule 40(b), unlike Rule 38, relating to waivers of jury trials, contains no language expressly supporting the construction placed upon it by the court below. Failure to demand a special jury at the call of the calendar has

been held to be a waiver for that term of the right to a special jury. This is because the orderly dispatch of trial work in the Superior Court requires that the court know at the outset of the term which cases are to be non-jury, which to be general jury, and which to be special jury. Otherwise the calendar could not be intelligently made up. *Sharpe v. Thomson*, 1 *Storey* 431, 147 *A.* 2d 649; *O'Mallie v. Harlan & Hollingsworth Corp.*, 6 *Boyce* 312, 99 *A.* 428.

In the *O'Mallie* case, decided in 1916, the applicable rule read:

"Applications for special juries shall be made at or before the time the calendar is made." *Rule* XIII, *par.* 4, *adopted November* 20, 1907; *appendix to* 3 *Boyce, page x.*

The court said:

"The court has the undoubted right to regulate its own procedure, and therefore may fix the days on which cases shall be tried. The only way to do this intelligently and effectively is to make a trial calendar early in the term. Such a calendar would obviously be ineffective and useless if it should be subject to disarrangement by the granting of applications for special juries after any panel is drawn. Neither the court, counsel or parties would be able to tell with certainty when cases would be tried or when the calendar would end. It would necessarily prolong the term, as well as entail hardship in many cases and impose additional expense upon the county and litigants."

It seems reasonable to say that the purpose of Rule 40(b) and of its predecessors, which are substantially the same as 40(b), is to ensure orderly procedure in calendaring the cases for a particular term of court. But what reason is there to extend the limiting effect of the rule to all subsequent terms of court? The reasons for the rule, and the salutary effect of enforcing it, are set forth in the cases above cited. These reasons concern the trial business of one term

of court; they have no application that we can see to the orderly dispatch of business at any succeeding term. Why, therefore, should a *permanent* waiver of the right to a special jury be inferred from the language of the rule?

The Superior Court's opinion in the *Tussey* case does not, we think, answer this question.

In this Court the plaintiffs seek to rely on an analogy drawn from Rules 38 and 39, quoted above. These rules, adopted in our courts in 1948, are drawn from the federal rules of civil procedure.

Plaintiffs invoke the line of decisions holding that a waiver of a jury trial under Rule 38 is a permanent waiver, which continues even after the granting of a new trial. 5 *Moore, Federal Practice*, § 38.44; *Roth v. Hyer*, 5 *Cir.*, 142 *F.* 2d 227; *Rubin Bros. Butter & Egg Co. v. Larson*, 247 *Iowa* 541, 74 *N. W.* 2d 574; *Reese v. Laymon*, 2 *Ill.* 2d 614, 119 *N. E.* 2d 271.

The *ratio decidendi* of these cases is found in the language of the statute or rule that was under consideration. In each case an express waiver was provided for; such waiver was obviously intended to be applicable to the trial of the case generally and not for a limited period of time. Indeed, there can be little doubt that this conclusion is intended by the federal rule, and by our corresponding rule No. 39, because it contains a further provision authorizing the court in its discretion, to order a jury trial notwithstanding the waiver.

But we are cited to no case holding that a waiver by the parties is, apart from rule or statute, a permanent waiver. For example, it was held, prior to the adoption of the rules and practice acts dealing with waiver of jury trial, that a voluntary waiver is applicable to the first trial only; and that upon a new trial the right to a jury is restored. *Osgood v. Skinner*, 186 *Ill.* 491, 57 *N. E.* 1041 (distinguished in *Reese v. Laymon*, *supra*); cases collected in annotation, 106 *A. L. R.* 205. Some

authorities appear to hold that such a waiver is good only for one term. 106 *A. L. R.* 203. In so far, therefore, as concerns any analogy to be drawn from the practice of waiving a general jury, it would point to a temporary waiver only.

But, in any event, we think the analogy does not exist. Rule 40(b) is a procedural rule of long standing, designed for the purpose of enforcing orderly dispatch of trial business at a trial term. There is no waiver clause in it. Rules 38 and 39 deal primarily with the substantive question of jury or no jury, and the waiver from failure to demand a jury, and its effect, are specifically dealt with. Moreover, the titles of these two rules are to be contrasted with the title of Rule 40, which reads:

"Assignment of cases for trial; special juries; continuances."

It must be borne in mind that Rule 40(b) is an old rule, dating back to at least 1907. Rules 38 and 39 were adopted, as part of the new rules, in 1948. If we are right in concluding that the O'Mallie case shows the purpose of the rule, and indicates that its effect is limited to the trial business of one term, how can its effect have been enlarged by the adoption of Rules 38 and 39, dealing with a different subject?

It is quite true (although counsel for defendant would challenge this statement) that Rule 38 does relate in a limited way to special juries. Thus the language in paragraph (a) which is declaratory of the constitution, includes special juries. See *Nance v. Rees, Del.,* 161 *A.* 2d 795. And the remaining paragraphs, dealing with the general question of demanding trial by jury, clearly indicate the necessity for a demand if the case is to be tried by either kind of jury, general or special. But this is far from saying that the waiver provisions applicable to the choice of jury or no jury are also applicable to the procedural provisions of Rule 40(b).

We see no basis for saying that the scope of the old rule embodied in 40(b) was enlarged by the new rules upon their adoption in 1948. If that had been the intention of the framers of the new rules, why was not language to that effect inserted in 40(b)? It would have been a simple matter to do so. We think defendant is correct in saying that the result contended for by plaintiffs effects not a construction but an amendment of Rule 40(b). Such an expansion of the language of 40(b) is, we think, not justified, especially since no contention is made that any prejudice results from the natural construction of the rule.

Moreover, to construe Rule 40(b) as contemplating a permanent waiver raises further questions of construction. The *Tussey* case holds that the application for a special jury must be made "by the first call of the trial list". When is this? When the case first is called, even though both parties wish it continued? Or when one party only asks for trial, and the case is not marked for trial? Or when both parties agree on trial? This uncertainty stems, of course, from the fact that Rule 40(b), unlike Rule 38, is not related directly to an ascertainable date determined by the pleadings, but only to the orderly preparation of a trial calendar.

Again, let us suppose that a party claims trial by general jury. Later circumstances develop which would justify the court in ordering a special jury. Has it any authority to do so? Clearly, Rule 39(b) does not apply, since that deals only with relief from a waiver of *any* jury. The Superior Court in the *Tussey* case suggested that special circumstances might justify a subsequent order for a special jury, but nothing in Rule 40(b) supports the idea.

Such difficulties are avoided if 40(b) is given the effect that its history and construction suggest, *viz.*: it imposes a requirement designed solely to insure orderly procedure at a particular term of court.

It is, of course, tempting to try to read into 40(b) some additional requirements, similar to those of 38 and 39, because of the fact that the existing special jury statute has for many years been the subject of judicial criticism. See the *O'Mallie* case, *supra*—"The court has never favored applications for special juries"; and see our comments in *Nance v. Rees, supra*. In fact, a draft of an amendatory statute was prepared two years ago by some of our judges, and was recommended to the General Assembly by the Council on the Administration of Justice. If passed, it would leave the whole matter of granting special juries in the discretion of the court (assuming the constitutionality of the statute). But it has not been passed.

If the present Rule 40(b) is to embody the theory of permanent waiver, it should be redrafted after careful analysis of the whole subject.

For the reasons above set forth, we are constrained to disapprove the holding of the *Tussey* case and hence to disagree with the Superior Court's ruling in this case. Its order of June 6, 1961, is therefore reversed, and the cause remanded with instructions to grant the application for a special jury.