Glenwood Dailey and Julia Dailey, Plaintiffs-Appellants, v. Mollie Meredith, Defendant-Appellee.

Gen. No. 64–69.

Fifth District.

March 16, 1965.

Ralph T. Smith, of Alton, for appellants.

Droste and Droste, of Mt. Olive, by Robert L. Droste, for appellee.

EBERSPACHER, P. J.

It is necessary, in order to arrive at the issues now before this Court, to give a resume of prior proceedings in this cause.

On January 16, 1954, Mollie Meredith, defendant, and William F. Meredith, her husband, who is now deceased, entered into a contract for deed for the conveyance of real estate with Glenwood Dailey and Julia Dailey. Subsequent to the signing of the contract for deed, the plaintiffs herein brought a suit in the Circuit Court of Madison County, Illinois for specific performance. Thereafter, the Circuit Court entered a Decree denying specific performance because the description of the real estate in said contract was vague and uncertain. No appeal was taken from this decree. Defendant then filed a forcible entry and detainer complaint against the plaintiffs demanding possession of the ground as described in said contract for deed. Defendant filed her motion for summary judgment on said complaint supported by affidavits and on April 4, 1960 the Circuit Court entered judgment in favor of Defendant. The plaintiffs appealed and on March 8, 1961, the Appellate Court reversed the judgment of the Circuit Court (Meredith v. Dailey, 29 Ill App2d 255, 173 NE2d 586), saying, "In this case no reason is shown in any of the pleadings why the description could not be made certain by a survey. The buyer under the contract has now been in possession for seven years and there must be some basis for observing what property is thus possessed.

"We do not pass upon the question of sufficiency of the description to authorize a decree for specific performance, since the decree on that subject was not appealed and is not before us. But this complaint in forcible detainer described property held by the defendants, under the contract, so that the plaintiff, as well as the defendants, knew what the contract pur-

ported to sell, and the judgment pertains to that property."

█ The trial court in its decree denying specific performance found that the contract was incapable of being specifically performed apparently because of indefiniteness of the description. The propriety of that decree is not now before this Court. That decree became res judicata in this case. People v. Kidd, 398 Ill 405, 75 NE2d 851.

In the instant case, defendant filed a petition praying that the contract for deed, between the parties be rescinded, cancelled and declared void and possession be restored to defendant petitioner. Plaintiffs filed an answer to said petition and then filed a counterclaim asking the court to interpret the agreement of the parties and arrive at a determination of the land which is to be conveyed by the defendant to the plaintiff. The court entered an order directing the defendant to convey a tract of land as described by defendant's exhibit 100, to the plaintiffs or in the alternative if the plaintiffs refuse to accept said deed, then the contract shall be rescinded and cancelled and be declared void and defendant be restored to possession of the land. It is from this order that plaintiffs-appellants have appealed.

The contract drawn on a relator's form by Meredith's agent provided for the sale of "the South 6 acres located on the West side of U. S. 66 being a part of the following described tract of land, the West ½ of the Northeast Quarter of fractional Section One in Township Five North, Range Seven West of the Third Principal Meridian, situated in the County of Madison and State of Illinois which is to be more particularly described after a survey is made which is understood and agreed that the seller and the purchaser each pay one-half of the cost of said survey." It further provided "It is understood and agreed between

233

both parties that the price per acre of said land is $300 and if the survey should show a portion more than six acres then that portion will be added to the total price, and if there is a fraction less than six acres it will be likewise." No mention is made of a well in the contract. In the trial, there was a conflict of evidence with reference to whether reservation of the well was discussed by the parties or in the presence of the parties both before and at the time of the preparation and signing of the contract.

Both parties had surveys made; plaintiff's surveys included the well, defendant's survey (defendant's exhibit 100) did not.

It is now contended by plaintiffs-appellants that the contract is not ambiguous, and does not need to be interpreted by the Court but simply needs to be enforced as written. Appellants, in their counterclaim, prayed the Court to interpret the agreement and arrive at a determination of the land to be conveyed, and to make such order as could be carried out and performed.

Defendant contends that the question as to whether or not the contract was ambiguous, as to the description of the real estate, was previously adjudicated and that the trial court had a duty to receive parol evidence or extrinsic evidence pertaining to the description of the real estate in the contract.

Both parties tried the case on the theory that the contract should be interpreted by the court, and on the simple issue of whether or not the water well was intended to be included in the description to be conveyed. Both parties treated the land as being capable of description by extrinsic evidence. Parol evidence of the intended description was presented by both parties without objection by the other. The three

surveys were introduced into evidence by stipulation of the parties.

■■ Appellants cannot now be heard to urge that the trial court erred in interpreting the contract because it was clear and not ambiguous. The parties submitted and tried a disputed question of fact; the trial judge heard all the evidence offered, and decided the disputed question. The question of the propriety of hearing the evidence offered, in the absence of objection in the trial court, is not considered by this Court. Objections to admissibility of evidence or to the competency of witnesses cannot be made for the first time in a court of review. Bonczkowski v. Kucharski, 13 Ill2d 443, 150 NE2d 144.

■ This court recognizes the rule that a contract will be construed most strongly against the party who prepared the contract and chose the words used, since he is the one who is responsible for the ambiguity. ILP Contracts sec 221. However, there is evidence which could be reasonably believed, that a reservation of the well was discussed by the parties before and during the preparation of the contract, as well as evidence that a drawing showing the well omitted from the intended tract to be conveyed was with the contract at the time of its execution; that it was "clipped" to the contract.

■ The findings of the Court in a nonjury trial are controlling and will not be disturbed unless manifestly against the weight of the evidence. Reese v. Laymon, 2 Ill2d 614 at 624, 119 NE2d 271.

■ It is the province of the trial judge, hearing the case without a jury, to determine the credibility of witnesses and the weight to be given their testimony, and his judgment will not be disturbed unless manifestly contrary to the weight of the evidence.

Hall v. Illinois Nat. Ins. Co., 34 Ill App2d 167, 180 NE2d 695.

 For the reasons herein stated, the judgment of the Circuit Court of Madison County is affirmed.

MORAN and GOLDENHERSH, JJ., concur.